### K. L. TANNER V. THE STATE.

No. 16609. Delivered June 6, 1934.
Rehearing Denied October 10, 1934.
Reported in 74 S. W. (2d) 981.

The opinion states the case.

*E. T. Yates,* of Brownsville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment, confinement in the penitentiary for three years.

At the time the motion for new trial was overruled and notice of appeal given no order extending the time allowed by statute for filing bills of exception was entered. The court having a term of less than eight weeks, under the provisions of article 760, C. C. P., appellant had 30 days from the date of adjournment, in the absence of an extension order, to prepare and file his bills of exception. The term at which appellant was convicted adjourned October 14, 1933. Appellant had 30 days from the date mentioned in which to file his bills of exception. On December 2, 1933, the court entered an order attempting to extend the time 30 days for filing said bills of exception. Manifestly, this order was entered after the expiration of the time fixed by statute for the filing of said bills. This being true, the court was without power to enter the order. Beard v. State, 48 S. W. (2d) 992. The bills of exception were filed December 26, 1933, which was too late.

The injured party, John Ross, testified, in substance, that appellant shot him with a pistol. According to his version,

he did nothing to provoke appellant to commit the assault. The testimony on the part of the State was to the effect that the injury was serious. Appellant denied that he shot Ross.

The sentence is reformed in order that it may show that appellant is condemned to confinement in the penitentiary for not less than 1 nor more than 3 years.

As reformed, the judgment is affirmed.

*Reformed and affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING

LATTIMORE, JUDGE.—Appellant insists that the record shows him to have done all that he could in order to get his bills of exception filed within the time allowed by statute, and to get the court to properly make an order extending said time. The averments in appellant's motion and in the affidavit supporting same are quite general, but we have looked over the bills of exception mentioned and observe that in the three presenting the important questions to appellant, the refusal of his application for continuance and to continue the case for the purpose of getting his former co-defendant, that all three of said bills appear to be based on matters contained in affidavits, each taken before the attorney for the appellant. In such cases the rule seems to be uniformly adhered to that such affidavits are insufficient. See Gibb v. State, 99 Texas Crim. Rep., 186; Garner v. State, 100 Texas Crim. Rep., 626, and cases cited in section 192 of Branch's Ann. P. C.

We are constrained to overrule appellant's motion for rehearing.

*Overruled.*