## O. N. OVERMIER V. THE STATE.

No. 18341.   Delivered May 20, 1936.
Rehearing Denied June 17, 1936.

The opinion states the case.

*Garland Flowers* and *Lester Boone,* both of Fort Worth, for appellant.

*Will R. Parker,* Criminal District Attorney, and *Leo Brewster* and *H. C. Wade,* Assistant Criminal District Attorneys, all

of Fort Worth, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is rape; the punishment, confinement in the penitentiary for 25 years.

Lettie Jeanne, the injured party, is the daughter of appellant and was 13 years old at the time of the alleged commission of the offense. She testified that on August 1, 1935, appellant had sexual intercourse with her. Her testimony was to the further effect that appellant had been having sexual relations with her for five years. The physician who examined prosecutrix testified that, in his opinion, someone had had sexual intercourse with her habitually for some time. Testifying in his own behalf, appellant denied that he had ever mistreated his daughter. He declared that she disliked him because of his efforts to make her obey him. His testimony was to the further effect that on the occasion it was alleged he had assaulted his daughter he was not with her, but was with some friends in town.

Immediately after his arrest appellant made a voluntary statement which read, in part, as follows:

"I am now under arrest and accused of having sexual intercourse with my thirteen year old daughter, Lettie Jeanne; and all I have to say is that I don't deny doing this to Lettie Jeanne, and I don't remember doing this. That all seems blank to me now. I am told that I have had sexual relations with Lettie Jeanne at least twice since we have moved out on Birchman; but I don't remember about doing it; it all seems blank and I can't deny it. I am accused of having had intercourse with Lettie Jeanne from time to time since she was eight years old but if I did I don't remember. If I did this I am sorry and I don't have any explanation why I did it."

We deem the evidence sufficient.

The term of court at which appellant was convicted adjourned October 5, 1935. The court granted appellant sixty days from said date in which to file his bills of exception. The only bill of exception in the record was not filed until January 2, 1936. Manifestly it was filed too late, and, under the statute and decisions of this court, we are not warranted in considering it. Art. 760, C. C. P.; Tanner v. State, 74 S. W. (2d) 981.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists in his motion for rehearing that we should have considered his bill of exceptions No. 1, and he attaches a supplemental transcript showing that within the time originally granted by the court below for the filing of bills of exception, a request was made for an extension of time within which to file such bill, and that the court granted the request and extended the time to ninety days from the date of the overruling of the motion for new trial; also showing that the bill of exceptions was filed within the time limit thus allowed. The bill of exceptions referred to will be considered in this connection.

Appellant made an application for continuance because of the absence of Jesse Newberry and one Gayle. The record before us negatives the idea of diligence on the part of appellant's attorney. On August 10, 1935, this case was set for September 4th. No application for process seems to have been made until August 31st, according to the qualification placed on the bill of exceptions by the trial court. The application for continuance sets up that Newberry was served with subpoena, but that Gayle could not be found. We note that on the trial appellant took the witness stand and testified that he did not know where he could be found or where he lived, or what his first name was; that he saw him one time, and had never seen him before or since. As to the witness Newberry, appellant said in his application he wanted this witness to prove an alibi for him on the date laid in the indictment, to-wit: August 1, 1935, and that he could prove by Newberry that he was with him all the evening of that day. We further note in the testimony of the prosecutrix that she testified that she would not undertake to say what the exact date was, but it was about the first of August, 1935, that appellant had carnal intercourse with her. She did not undertake to fix the date as the first day of said month, and hence we do not attach the importance to the expected testimony of Newberry such as would have justified the trial court in granting the application for continuance under the circumstances. Newberry could have been present and testified as appellant expected him to, and this would have had no effect apparently on the outcome of the trial.

The motion for rehearing is overruled.

*Overruled.*