SAM THOMAS v. THE STATE.

No. 22219. Delivered June 24, 1942.
Rehearing Denied October 14, 1942.

The opinion states the case.

*Jimmie Cunningham,* of Lubbock, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for uttering a forged deed, punishment assessed being twenty years in the penitentiary.

The indictment charged that appellant uttered, passed and used as true and genuine a forged deed by directing it to be filed and recorded in the office of the County Clerk of Lubbock County, Texas, appellant knowing the same to have been false and forged. The deed in question as described in the indictment purported to be a conveyance from Charles Rutherford of Swisher County, Texas, to Sam Thomas of Lubbock County, Texas, dated September 27, 1940, and purporting to have been acknowledged by Rutherford before J. E. Swelson, a Notary Public of Swisher County, Texas, on said 27th day of September, 1940.

The property conveyed in said deed was described as follows:

"First Tract: All of Lot No. Eleven (11), in Block No. One Hundred and Thirty-seven (137) in the original town of Lubbock, Texas, according to the official Plat of said town,

"Second Tract: All of Lots Nos. Thirteen (13), Fourteen (14), Fifteen (15) and Sixteen (16) in Block No. Twenty-eight (28), in the Overton Addition to the City of Lubbock, Texas, according to the official Plat of said Addition."

The case was tried at the February, 1942, term of court in Lubbock County. The motion for new trial was overruled on March 16. No extension of time, other than the 30 days given by statute, (Art. 760 C. C. P. 1925) was requested or granted at the time the motion was overruled. The trial term of court did not extend more than eight weeks, hence the 30 days' statutory time was from the day of adjournment, which occurred on March 21.

Appellant seeks to have the judgment of conviction reversed and remanded on the claim that he has been deprived of a statement of facts and bills of exception without fault on his part or that of his attorney, but because of the death of the court reporter who officiated at the trial.

On April 28 appellant filed a request for an extension of time in which to file bills of exception and statement of facts, setting up that he had on April 16 requested the court reporter to prepare a statement of facts and a transcript of the proceedings showing appellant's objections to the admission or rejection of testimony during the trial, in order that appellant might prepare his bills of exception, but that the court reporter had become ill and had not been able to comply with appellent's request. On April 29 the trial court undertook to extend the time for ninety days from the day of final judgment. It will be observed that 38 days from the date of the adjournment of court and 43 days from the date of overruling the motion for new trial had expired before any request for an extension was presented to the trial judge. His power to extend the time expired after the lapse of the 30 days' statutory time. Any order of extension to be effective must have been made within the 30 day period. See Griffin v. State, 59 Tex. Cr. R. 424, 128 S. W. 1134; Armstrong v. State, 60 Tex. Cr. R. 59, 130 S. W. 1011; Samples v. State, 80 Tex. Cr. R. 418, 190 S. W. 486; Tanner v. State, 127 Tex. Cr. R. 69, 74 S. W. (2d) 981. Many other cases will be found cited in Note 44 under Art. 760, Vol. 3, Vernon's C. C. P., and in the Cumulative Annual Pocket Part in said volume, under said article and note. We think appellant is in no position to claim that he has been deprived of bills of exception where he waited 30 days after his motion for new trial was overruled to request a record from the court reporter, and then failed to request an extension order until the time had expired when such order could be effective.

Appellant also claims that he has been deprived of a statement of facts. A statement of facts, if filed within 90 days, was in time without an extension order. (Art. 760 C. C. P.) Appellant files in this court an affidavit of his attorney stating that he undertook to dictate to his stenographer a narrative statement of facts, and directed that when transcribed it be delivered to the district attorney; that appellant's attorney admits that such statement of facts was not a full, true and correct statement and would be unjust to both the State and appellant if placed in the record, and that said attorney would not be willing to swear that such is a fair record of what the evidence showed; that the district attorney refused to agree to the statement of facts in question as being a full, true and correct statement of facts. Appellant also presents in connection with the affidavit of his attorney the affidavits of the court reporter of another district and also of a public stenographer to the effect that they have tried to read and transcribe the shorthand notes of the court reporter who took the evidence on the trial, and that they are unable to do so. The affidavits mentioned are attached to the motion of appellant to reverse and remand which was filed in this court on June 5.

Since that time a statement of facts has reached this court which was approved by the district attorney and the trial judge on June 13 and filed in the trial court the same day, and in this court on June 15. The trial judge approves said statement of facts after the following notation.

"The above and foregoing statement of facts having been presented to me by the District Attorney after having been signed and approved by him, and it appearing to the Court that the Defendant's counsel and the District Attorney are unable to agree upon a statement of facts herein, (The Official Court Reporter having died since the trial of this case), the above statement of facts has been examined by the trial court, and found to contain a complete, fair and accurate statement of the evidence in this case, the same is hereby approved by the Court as a statement of facts herein and ordered filed this 13th day of June, 1942.

"I further certify that no bills of exception have been presented to me for approval in this case, and that so far as the court knows no effort was made by defendant's counsel to

prepare and/or submit either to the Court or to the District Attorney, any bills of exception in this case."

Accompanying the statement of facts is an affidavit of the district attorney which is in part as follows:

"On the 27th day of May, 1942, one of the Attorneys for Sam Thomas presented to the affiant an 'agreed statement of facts' prepared by him, for the approval by the District Attorney, and the Court, consisting of 16 legal size typewritten sheets, containing the said Defendant's version of the facts introduced in evidence in the trial of said case, including a summary of the testimony of all witnesses who testified in said case.

"The affiant notified said attorney that he would make every effort to agree upon a statement of facts, and would probably approve the statement of facts submitted to him in a day or two, (as soon as the grand jury then in session adjourned); The Grand Jury adjourned on May 28th, 1942, and the affiant thereupon examined and approved and signed the said statement of facts, and secured the signature of the trial judge therto;

"Thereafter the appellant's attorney failed to call for said statement of facts, and the same, fully approved by the District Attorney, and Trial Judge is now upon the desk of the affiant, and no effort has been made by Sam Thomas' Attorney to file the same.

"Based upon the foregoing facts, the affiant states that the appellant has not been deprived of a statement of facts, in that the State's Attorney, and the trial Judge have signified a willingness to agree to, and they have already agreed to a statement of facts submitted by the Appellant's counsel as being a fair and correct statement of facts adduced on the trial of said cause."

Under the showing made and the certificate of the trial judge that the statement of facts now before us (and which was filed within the 90 days) as a "complete, fair and accurate statement of the evidence in this case" we cannot hold that appellant has been deprived of a statement of facts. Evidently appellant seeks to bring himself within the rule announced in Little v. State, 131 Tex. Cr. R. 164, 97 S. W. (2d) 479; McNabb v. State, 137 Tex. Cr. R. 463, 132 S. W. (2d) 273; Brannan v.

State, 137 Tex. Cr. R. 611, 132 S. W. (2d) 594, but the facts make the rule inapplicable.

The evidence shows that not only the purported signature of Charles Rutherford to the deed in question was forged but that the signature of the purported taker of the acknowledgment was also forged. The State's evidence shows that appellant sent the deed to the clerk's office to be recorded, with instructions to return the deed to appellant at the Texas Hotel in Lubbock. The deed was recorded and mailed to appellant as directed, but appellant left Lubbock after having sold some of the lots, and requested the manager of the hotel to forward the deed to Huntsville, Arkansas. The manager of the hotel talked to appellant about the lots which had been sold and said he would have bought them himself. Appellant said in reply, "I think took much of you and your wife to sell you those lots." It was appellant's story that he was induced to buy the lots by Thomas Turner and P. G. McKinley who had the alleged forged deed, and that appellant never saw the deed until they produced it, and that he thought they were agents of Rutherford. This issue was clearly presented to the jury and the finding was in the State's favor.

The judgment is affirmed.

#### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for a rehearing appellant seriously contends that we erred in our original opinion in declining to hold that the indictment was insufficient to charge an offense under Article 1008, P. C. We have carefully examined the indictment and find it to be in conformity with Willson's Criminal Form No. 446, (5th Edition) relating to forgery of land title which seems to have been sustained by this court.

Appellant next asserts that we erred in declining to hold that, without any fault on his part, he was deprived of a full and complete statement of the facts proved upon the trial. The record before us is accompanied by a statement of facts which appears to have been made by the presiding judge after the appellant's counsel and the District Attorney had failed to agree upon a statement of facts, the court reporter having died before he was able to prepare such a statement. In his motion appellant charges some acts of discourtesy on the part

of the District Attorney and the trial judge relative to the preparation and filing of the same, but there is nothing in the record to substantiate his charge except the ex parte statements in his motion. Moreover, appellant admits that he did not remember the facts proven upon the trial so as to enable him to make a full and complete statement thereof. This being true, we are at a loss to understand how he could say that the statement of facts filed by the presiding judge was incomplete or incorrect. He contends, however, that the presiding judge was not authorized by law to make and file a statement of facts in a felony case. Section 1 of Article 760, C. C. P., provides that "a statement of facts may be made, ordered, agreed to, approved and certified as in civil suits." Section 4 of said article provides that "when the duty devolves upon the court to prepare the statement of facts, he shall have such time in which to do so as he deems necessary, not to exceed forty days after he receives the defendant's statement of facts." Section 7 of said article authorizes the parties to prepare a statement of facts on appeal in a felony or misdemeanor case independent of the transcript of the notes of the official reporter, etc. Appellant seems to think that Section 3 of said article controls and supersedes all other sections thereof. This is not true. A statute must be construed as a whole, consistent with a reasonable application thereof, and the object sought to be attained.

Appellant reiterates his complaints against the court's charge. We have read the same with great care and deem it admirable application of the law to the facts of the case. Nowhere in his charge does the court authorize the jury to convict appellant of forgery of the certificate of the notary public and no such charge was contained in the indictment.

All other matters re-urged by appellant in his motion appear to be without merit.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.