## VIRDIS RICHARDSON V. STATE.

No. 24620. February 1, 1950.
Rehearing Denied March 22, 1950.

*W. E. Pinkston, W. B. Miller,* and *A. S. Baskett,* Dallas, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted of the murder of Earl Lee Myers. The killing occurred at a place called Womack's Cafe in the city of Dallas.

The trouble originated in a quarrel concerning a third party named Rocquemore, having poured out some beer. Rocquemore was banished from the place by appellant. The deceased objected to the language of appellant, after Rocquemore had gone, and appellant pulled his pistol. The deceased grabbed appellant's hand and was shot and killed in the ensuing scuffle. No weapon was seen in the possession of the deceased and none was found on his body.

Appellant claimed self-defense, which claim was rejected by the jury. His application for suspension of sentence was likewise refused, and the jury found appellant guilty of murder with malice and assessed his punishment at 25 years in the penitentiary.

The trial was had in Criminal District Court No. 2 of Dallas County, the case having been transferred to that court from the Criminal District Court where the indictment was returned.

Judge Henry King is the regular judge of Criminal District Court No. 2, and that court, as well as all other district courts of Dallas County, are within the First Administrative Judicial District. Judge W. A. Morrison, who presided at the trial, is the

regular judge of the 20th District Court, within the Third Administrative District. By order of the Presiding Judge of the Third Administrative District, Judge Morrison was assigned to preside in the 95th District Court of Dallas County, beginning on June 20, 1949, and by order of said date he was assigned by the Presiding Judge of the First Administrative District to preside in Criminal District Court No. 2 of Dallas County.

In advance of the trial, appellant filed his motion challenging the right of Judge Morrison to preside at his trial, contending that only Judge Henry King was empowered to preside, and that Judge King was without authority to permit or allow Judge Morrison to preside. We overrule these contentions.

The procedure followed in the assignment of a judge to sit with Judge King is authorized by Article 200a, Sec. 5, Vernon's R. C. S.

Moreover, Judge Morrison, being a district judge, derived his authority to preside in such court under the provisions of Art. V, Sec. 11, of the Constitution of Texas, and Art. 1916, R. C. S., 1925. Art. 200a, supra, is merely cumulative of other statutes on the same subject. Art. 1916, R. C. S., applies to criminal as well as civil cases. See Randel v. State, 153 Tex. Cr. R. 282, 219 S. W. 2d 689 (694) ; and Haley v. State, 151 Tex. Cr. R. 392, 208 S. W. 2d 378, and cases therein cited.

Appellant filed his eight bills of exception on August 27, 1949. The term of court adjourned on July 2, 1949, the date appellant's motion for new trial was overruled and sentence pronounced. The 30-day period allowed for filing bills of exception expired prior to the 10th day of August, 1949, on which day an order was signed by the trial judge extending such period for an additional 15 days. The extension order was ineffective for want of authority of the trial judge to grant same after the expiration of the 30-day period allowed by statute, Art. 760, Subdiv. 5, C. C. P.

Moreover, the period as extended expired 45 days after July 2, 1949, and the bills of exception, filed thereafter on August 27, 1949, were therefore not timely filed. In either event, we are not authorized to consider such bills of exception. See Thomas v. State, 144 Tex. Cr. R. 533, 164 S. W. 2d 852; and Turner v. State, 153 Tex. Cr. R. 614, 223 S. W. 2d 236.

The judgment of the trial court is affirmed.

Opinion approved by the court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

It appears from the record that the trial court, upon overruling the motion for a new trial in this cause and the sentencing of appellant, entered an order relative to the time for the filing of the bills of exception as follows:

"The defendant is granted 30 days in which to file Bills of Exception, together with 15 days additional time for such filing."

This order did not appear in the transcript furnished to this court at the time this cause was presented to us, and was not present at the time the above opinion was prepared.

It now appearing that the bills of exception were properly filed within the time prescribed by the trial court's order, we shall proceed to consider them.

Bill of Exceptions No. 2 relates to the overruling of a second motion for a continuance in order to obtain the testimony of Ruth Roller Hammons, alleged to have been a resident of Dallas County, Texas. This motion is insufficient in that same is shown to be a second motion and does not state that the testimony desired from said witness cannot be procured from any other source known to the defendant as is provided for in Article 544, sec. 1, Vernon's Ann. C. C. P. Again, it is shown that practically the same testimony as that desired to be had from the absent witness was present and used by appellant from four other witnesses; that appellant knew, or should have known, prior to the time of the trial that the desired witness was out of the county and at Denton, Texas, and he failed to make any attempt to procure an out of county subpoena for said witness, who had failed to appear at a former calling of this case and a setting thereof. The bill is therefore overruled.

In the court's qualification to Bill No. 3, which was accepted by appellant, it is shown that no objection was made to certain testimony shown therein and no exception taken.

Bill No. 4 complains because of the actions of the peace officers who arrived on the scene of the killing and who found

the dead body lying on the floor, searched the body, and found thereon only a handkerchief and a dime in money. Later on in this trial this same testimony was given by one of the peace officers in a rebuttal of appellant's plea of self-defense. We see no error shown.

We do not think that Bill No. 5 evidences any error therein.

Bill No. 6 relates to the action of the officers who arrived on the scene of the shooting about five minutes thereafter. It is shown that previously without objection an officer testified that immediately upon arriving at the scene of the homicide he searched the body of the deceased. He was then asked to tell the jury what he found thereon, whereupon appellant objected to the witness repeating that he found a handkerchief and a dime.

Self-defense became an issue herein and was charged upon by the court and testified to by some of appellant's witnesses. We think the testimony to have been admissible.

Bill No. 7 complains because certain questions were asked appellant's character witnesses for the purpose of testing their knowledge and the credibility of their testimony. The objection seems to be that it was claimed that the state should have asked the witnesses if they had heard of such transactions upon appellant's part. Of course, the questions propounded to such character witnesses should have been and were, if they knew of such charges, asked in good faith, and we see no reason to impugn the good faith of the state's attorney.

It is also noted that appellant filed a request for a suspended sentence in the event of a conviction. This also brings into question his reputation as a peaceful law-abiding citizen, and we think the question of the knowledge relative thereto, as well as the credibility of said witness, was a matter for the enlightment of the jury.

Bill of Exceptions No. 8 relates to a similar proposition as shown in Bill No. 7. In this matter a witness was asked as to the three transactions in which appellant was supposed to have been engaged. The first was June 15, 1940, the second, December 20, 1940, and the third, January 22, 1948. This witness claimed to have heard only of an incident on *December 20, 1939*. The answer relative to the last date in *1939* was objected to as too remote. We think the testimony was admissible for the pur-

pose of testing the character witness' testimony. Its remoteness was not a matter at issue.

We adhere to the views expressed in our original opinion, and the motion will therefore be overruled.