JIMMIE LEON LINTON V. STATE

No. 33,150. April 26, 1961
Motion for Rehearing Overruled May 31, 1961

WOODLEY, Presiding Judge, absent.

*Frank Sparks,* Eastland, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The offense is rape; the punishment, 9 years.

The state's proof shows that the prosecutrix lived at a certain address in the city of Abilene with her husband and nine months old son. The husband worked at night at a local service station. The prosecutrix testified that, on the night in question after she had retired around 11:30 p.m., she was awakened by a man who was lying on top of her; that when he attempted to have intercourse with her she screamed, got out of bed, and the man then dragged her into an adjoining room where her baby was sleeping; that the man threatened to cut both her and the baby and threatened their lives; that, after she quieted the baby, they then returned to her room where the man tore her gown off and had carnal knowledge of her against her will and without her consent. She stated that at such time she was scared and that, after the man left the house, she saw a 1955 blue and white Chevrolet automobile with a mirror on the fender and "loud tail pipes" drive out of the driveway. She further testified that the man appeared to have been drinking, was wearing white khaki clothing, and had bushy hair but that she could not identify appellant as the man. She further testified that the man left a cigarette lighter and a pencil in the bed. After the man left, the prosecutrix took her baby and went to a neighbor's house across the street. When they arrived she was crying, could not talk coherently, and, after her husband had been called and came to the house, she related to him what had happened to her. It was shown that appellant owned and operated a 1955 Chevrolet blue and white automobile with twin mirrors on the fenders and dual exhaust pipes. On the night in question, appellant drove into the service station where the prosecutrix' husband was working on two occasions. On the first occasion, appellant came to the station around 8 p.m., and purchased a Coca-Cola and, on the last occasion, around 1:05 a.m., when he purchased a package of cigarettes.

In the investigation which ensued, appellant was questioned by the officers and, during the interrogation, made and signed two written statements. Both statements were introduced in evidence, certain incriminating portions being offered by the state and other portions of an exculpatory nature being offered by the appellant.

In the first statement, appellant admitted going on the two occasions to the service station where the prosecutrix' husband was employed on the night in question but, in effect, denied going

to the home of the prosecutrix and having carnal knowledge of her. In such statement, appellant admitted, however, that the pencil and cigarette lighter found in the bed of the prosecutrix belonged to him. In the second statement, appellant admitted going to the home of the prosecutrix on the night in question, entering the house, and asking the prosecutrix to have intercourse with him. While the entire statement, which was introduced in evidence, does not appear in the record, that portion which does appear reflects that appellant stated:

"I asked her to have intercourse with me and she said she was afraid her husband would come in. She laid down on the bed * * * but she did not try to push me off or put up any type of struggle."

Certain clothing of appellant was introduced in evidence, including a pair of white pants, a white shirt, and a pair of shorts worn by the appellant which, upon being examined by Chemist Charles Smith of the Texas Department of Public Safety, was found to contain seminal stains thereon.

Testifying as a witness in his own behalf, appellant denied having gone to the home of prosecutrix on the night in question and having intercourse with her. Appellant also denied that the cigarette lighter and pencil found in her home belonged to him. Appellant repudiated that portion of his confession in which he admitted going to her home and also, by his testimony, raised an issue as to the voluntary nature of the confession. Appellant testified in substance that he was at his home at the time the rape was committed and called his wife, who corroborated his testimony. Appellant testified in support of his application for suspension of sentence that he had never been convicted of a felony and called witnesses who attested his good reputation for being a peaceable and law abiding citizen.

The court submitted the issue of appellant's guilt to the jury upon a charge on circumstantial evidence and upon a charge on the law of rape by both force and threats. The court also submitted to the jury the appellant's defense of alibi and submitted to the jury the issue as to the voluntary nature of appellant's written confession.

We find the evidence sufficient to sustain the conviction.

Appellant predicates his appeal upon certain informal bills of exception appearing in the statement of facts.

Informal Bills of Exception Nos. I-IV present appellant's contention that the court erred in permitting the state to ask leading questions of the prosecuting witness. We find no reversible error in the bills. An examination of the record reflects that on several instances the court sustained appellant's objection and instructed the jury not to consider the questions. The matter of permitting the asking of leading questions rests in the sound discretion of the trial judge and, unless the defendant can show that he was unduly prejudiced by virtue of such questions, no reversal of his conviction can be had. 1 Branch's Ann. P. C. 2d Ed. 187-188, sec. 179. There is no showing of prejudice herein. We find no error in the court's action in permitting the prosecuting witness to testify that appellant, on the night in question, threatened her life and that of her baby over the objection that such was a conclusion of the witness. The witness was merely describing appellant's actions on such occasion and giving a shorthand rendition of the facts.

By Informal Bill of Exception No. V, appellant complains of the court's action in permitting the prosecutrix' husband to testify as to what his wife related to him, at the neighbor's house on the night in question, concerning the attack upon her over appellant's objection that such was hearsay and not a part of the res gestae. Under the record, we find no error in admitting such testimony. The record shows that such outcry was made by the prosecutrix to her husband shortly after she was raped and, at the time, she was crying, nervous, and in shock. Under the record, the testimony was admissible under the rule stated in 4 Branch's Ann. P. C. 2nd Ed. 282, sec. 1958, which reads as follows:

"The statements and conduct of prosecutrix said and done shortly after the transaction may be proved as original evidence if suffering excludes the idea of fabrication, and the statements or conduct are spontaneous and instinctive, and there is no break or let-down in the continuity of the transaction. Time is not the sole test for either the admission or rejection of such proof; instinctiveness is the requisite." Citing authorities.

We overrule appellant's remaining contention, presented by Informal Bill of Exception No. VI, that the court erred in permitting the State to inquire of appellant's character witnesses if they had heard of certain acts of misconduct on the part of appellant. The questions were not so framed as to infer as a fact

the commission of other offenses by appellant. Character witnesses who attest the good reputation of an accused, may, as affecting the weight, credibility, and sincerity of their testimony, be asked on cross examination if they had heard of acts of the accused inconsistent with that reputation. Duhart v. State, 167 Tex. Cr. R. 150, 319 S.W. 2d 109.

Finding the evidence sufficient to support the conviction, and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.