**Foster VANCE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 35210.**

Court of Criminal Appeals of Texas.

Jan. 16, 1963.

Rehearing Denied Feb. 27, 1963.

Billy C. Powell, Houston, J. Robert Harris (On Appeal Only), Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and Carol S. Vance, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for murder without malice, under Art. 802c, Vernon's Ann.P.C.; the punishment, confinement in the penitentiary for five years.

The evidence was undisputed that on the day in question the appellant, while driving his Chevrolet truck upon the North Freeway, a public street and highway in the city of Houston, was involved in a collision with a Falcon station wagon driven by the deceased. The accident occurred in that portion of the freeway for incoming traffic which contained four lanes, and at the time of the collision both vehicles were traveling in the same direction. In the collision the deceased sustained a crushed skull, which was the cause of his death.

Proof was made by the state that the first impact between the two vehicles was after appellant's truck had run into the curb of the esplanade, skidded 114 feet, and struck the left side of the vehicle driven by the deceased with its right front fender.

This was denied by appellant and the witness Benjamin Taylor, a passenger riding in appellant's truck, who both testified that it was the Falcon automobile driven by the deceased which first struck the left rear wheel and fender of the vehicle driven by appellant.

Three city officers who went to the scene of the collision and investigated the accident testified that after they arrived they observed the appellant; that he had the odor of alcohol on his breath; that he talked with a thick tongue and was unsteady on his feet. Each officer expressed the opinion that appellant at such time was intoxicated.

A blood specimen taken from appellant with his consent, upon being examined by Chemist Floyd McDonald, was shown to contain .14 per cent alcohol. Chemist McDonald testified that a person with such percentage of alcohol in his blood is deemed to be intoxicated.

As a witness in his own behalf, appellant admitted having consumed one can of beer prior to the collision, but denied that he was intoxicated. His denial of intoxication was supported by the testimony of his companion, Taylor, and by other witnesses who testified that they had observed appellant prior to the collision.

The jury by their verdict resolved the disputed issues against the appellant, and we find the evidence sufficient to support the conviction.

Appellant predicates his appeal upon two claimed errors.

He first contends that the court erred in refusing to grant a mistrial after state's counsel inquired of investigating officer Williams as to the whereabouts of a missing witness, Marvin Cochran, who appeared upon the scene after the collision and had purportedly given a statement to the officer.

The record reflects that the court sustained appellant's objection to the inquiry and instructed the jury not to consider the questions propounded and that the officer did not disclose to the jury the contents of any statement made to him by the witness. Under the record we perceive no reversible error in the court's refusal to grant a mistrial.

Appellant further contends that the court erred in overruling his objection to a question propounded by state's counsel on cross-examination of appellant's witness, James Dobkins, who had testified that appellant's general reputation was good when counsel asked: "Have you heard that he was charged with rape and sodomy back in 1956?" Appellant's objection was on the ground that the matter inquired about was too remote and that the question as to his merely being charged with such offenses was not admissible.

A character witness who has attested the good reputation of an accused may, as affecting the weight, credibility, and

sincerity of his testimony, be asked on cross-examination if he had heard of acts of misconduct of the accused which were inconsistent with that reputation. Duhart v. State, 167 Tex.Cr.R. 150, 319 S.W.2d 109, and Linton v. State, Tex.Cr.App., 346 S.W.2d 320. Such inquiry was not subject to the objection of remoteness. Richardson v. State, 154 Tex.Cr.R. 422, 228 S.W.2d 179. Nor was the inquiry subject to the objection that the act of misconduct inquired about had not resulted in a final conviction, as required by Art. 732a, Vernon's Ann. C.C.P., for impeachment of an accused. As was pointed out in Wiley v. State, 153 Tex.Cr.R. 370, 220 S.W.2d 172, such inquiry is not made to impeach the accused as a witness but to test the weight and credibility of his character witness. In permitting such inquiry, the court did not err.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.