**Ingram Chenault PACE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38475.**

Court of Criminal Appeals of Texas.

Nov. 24, 1965.

Rehearing Denied Jan. 19, 1966.

Clyde W. Woody (on appeal only), Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Charles E. Bonney and John Gilleland, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, 20 days in jail and a fine of $150.00.

In view of our disposition of this case a recitation of the facts is not deemed necessary other than to observe that appellant placed his reputation in issue and called several witnesses who testified that his reputa-

tion for being a peaceable and law abiding citizen was good.

 On cross examination of such witnesses, the State was permitted over appellant's objection to ask such witnesses if they had heard that appellant had been charged with speeding in several counties and with running a red light in still another. It was never the intention of this Court to include offenses of this nature when we announced the rule set forth in Vance v. State, 365 S.W.2d 182. We have been cited no authority to support the asking of such questions of a reputation witness, and know of none.

For the error of the Court in permitting the asking of such questions over the repeated objections, the judgment is reversed and the cause is remanded.

It is so ordered.

### ON STATE'S MOTION FOR REHEARING

McDONALD, Presiding Judge.

We have carefully re-examined our position, set forth in our original opinion, in view of the able argument and scholarly brief submitted by the State.

 We failed to set forth in our original opinion inquiries made by the State upon cross-examination of a character or reputation witness, when such questions as these were asked: "Have you heard that the defendant was charged with being A.W.O.L. from Camp Bowie, Texas, on January 27, 1944?", and "Have you heard that the defendant was charged by authorities at Camp Bowie, Texas, with impersonating an N.C.O. on January 27, 1944?" We think that the violation of military regulations are acts of misconduct peculiar to the military authorities and such acts do not frequently amount to what we normally regard as acts of misconduct or violations of the civilian law. A serviceman might be charged with the offense of A.W.O.L. because he was one minute late in coming back to his company quarters on Saturday night, and the punishment meted out might be confinement to quarters for one hour by the company commander. If we extended the rule to allow such questions as these, we would no doubt make it possible for some enterprising young prosecutor to ask an appellant's neighbor if he ever heard appellant being fussed at by his wife for coming home late. We think that these two improper questions were also highly prejudicial and tended to deprive appellant of the fair trial that he was entitled to under the Constitution and laws of this State and of the United States.

We remain convinced that a correct disposition was made of this case upon original submission and that the rule there announced was correct. For those reasons and the ones herein stated, the State's motion for rehearing is overruled.