**Jerry Wayne BALLEW, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42581.**

Court of Criminal Appeals of Texas.

March 18, 1970.

Jake C. Cook, .Fort Worth, court-appointed on appeal only, for appellant.

Frank Coffey, Dist. Atty., Ben H. Tompkins, Otto Stephani, Jr., and Truman Power, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for burglary; the punishment, seven years.

The record reflects that late at night a burglar alarm was set off at a warehouse in Fort Worth. A serviceman from the silent alarm system and policemen went to the warehouse, found a window broken, the petty cash box on a table and the appellant hiding inside.

In the first ground of error, it is contended that the date of the burglary was not established, because the witness W. L. Kingston from the security company did not testify that the offense occurred on January 3, 1969.

Kingston testified that he received the alarm on that date and went to the McKesson-Robbins Warehouse, and that State's Exhibit No. 2 actually represented the broken window on the night of January 3, 1969. Officer Smith, a "K–9" patrol officer, testified that on January 3, 1969, he went to the warehouse with a dog which helped find the appellant hiding be-

hind some whiskey cases. Other witnesses testified that they saw appellant in the warehouse that night. The first ground of error is overruled.

In the second ground of error, appellant contends that the court erred in overruling an objection to a leading question. When the witness Barker, warehouse manager and foreman, was testifying, the following transpired:

"Q. (By Otto Stephanie, Jr., Assistant District Attorney) Could you recognize this man if you saw him today?

"A. Yes.

"Q. After you can recognize the defendant—"

Appellant's counsel then objected that the question was leading, and the objection was overruled.

"Q. (Mr. Stephanie) Do you see that person in the courtroom today?

"A. Yes.

"Q. Would you point him out to the Court and jury?

"A. The man over there (indicating)."

The question complained of was not answered, and it was not leading.

"If the question asked does not suggest the answer desired it is not a leading question." 1 Branch's Ann.P.C.2d, Sec. 179, p. 187.[1] The second ground of error is overruled.

In the third ground of error, complaint is made that the court permitted Officer Wright to testify at the penalty stage of the trial that appellant's reputation as a peaceable law-abiding citizen was bad, because it was based on information obtained after appellant had been arrested.

1. The matter of permitting the asking of leading questions rests in the sound discretion of the trial judge, and unless the defendant can show that he was unduly prejudiced by virtue of such questions, no reversal of his conviction can be had.

The testimony of Officer Wright shows that he did not know appellant until after he was arrested.

This Court has held that a witness who has known the defendant only after the arrest may testify concerning the defendant's reputation up to and including the date of the trial. Wilson v. State, Tex. Cr.App., 434 S.W.2d 873, and Broadway v. State, Tex.Cr.App., 418 S.W.2d 679. No error is shown; the third ground of error is overruled.

The fourth ground of error is as follows: "The trial court erred in admitting appellant's prior conviction in Oklahoma."

This presents nothing for review under Article 40.09, Sec. 9, Vernon's Ann.C.C.P., which provides:

" * * * Each ground of error shall briefly refer to that part of the ruling of the trial court, charge given to the jury, or charge refused, admission or rejection of evidence or other proceedings which are designated to be complained of in such way as that the point of objection can be clearly identified and understood by the court. * * *"

The ground is not stated in such a way so that it can be identified by the Court. The argument in the brief is as follows: "Certainly, this evidence was prejudicial to appellant, as argued by his attorney at the trial."

This argument neither cites authority, nor does it set out what point is sought to be presented by such ground of error. No error is shown, the fourth ground of error is overruled.

The judgment is affirmed.

Linton v. State, 171 Tex.Cr.R. 213, 346 S.W.2d 320. Cases are seldom reversed because of the asking of leading questions. Bell v. State, 166 Tex.Cr.R. 340, 313 S.W.2d 606.