**Francis COOPER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44085.**

Court of Criminal Appeals of Texas.

Sept. 16, 1971.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., James S. Moss, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for robbery by assault; trial was before a jury on a plea of guilty and punishment was assessed at 30 years.

The indictment alleged that on April 12, 1970, the appellant and Rudolph Payton, Jr., Charles Walton, and Forest Woods, Jr., acting together, robbed Efren De Hoyos by using a firearm and fraudulently took $100. On August 12, 1970, while the indictment still alleged robbery by firearms, the cause was transferred from Criminal District Court No. 5 of Dallas County to the 194th Judicial District Court of Dallas County. The order of transfer recited the offense as "robbery by assault, as charged in the indictment." Prior to trial the State waived the firearm feature of the indictment.

 The appellant first contends that the incorrect recitation in the order of transfer is reversible error. The appellant did not object or complain in the trial

court of the form of the transfer order. No harm or injury is shown to the appellant as a result of that mistake. No reversible error is shown. The appellant's first ground of error is overruled.

■ Next, the appellant complains of a question asked by the prosecutor on cross-examination of a defense character witness as to whether the witness had heard that the appellant had been arrested for vagrancy and prostitution and burglary. In Vance v. State, 365 S.W.2d 182, this Court said:

"A character witness who has attested the good reputation of an accused may, as affecting the weight, credibility, and sincerity of his testimony, be asked on cross-examination if he had heard of acts of misconduct of the accused which were inconsistent with that reputation. Duhart v. State, 167 Tex.Cr.R. 150, 319 S.W.2d 109, and Linton v. State, 171 Tex.Cr.R. 213, 346 S.W.2d 320. Such inquiry was not subject to the objection of remoteness. Richardson v. State, 154 Tex.Cr.R. 422, 228 S.W.2d 179. Nor was the inquiry subject to the objection that the act of misconduct inquired about had not resulted in a final conviction, as required by Art. 732a, Vernon's Ann.C. C.P., for impeachment of an accused. As was pointed out in Wiley v. State, 153 Tex.Cr.R. 370, 220 S.W.2d 172, such inquiry is not made to impeach the accused as a witness but to test the weight and credibility of his character witness. In permitting such inquiry, the court did not err."

The appellant's second ground of error is overruled.

■ Lastly, the appellant contends that 30 years confinement is cruel and unusual punishment. Art. 1408, Vernon's Ann.P.C., provides the punishment for robbery by assault at confinement in the penitentiary for life, or for a term of not less than 5 years. The punishment assessed is within statuto-ry limits and is not cruel and unusual. The appellant's third ground of error is overruled.

There being no reversible error, the judgment is affirmed.