**Augustine Mendoza ORTEGA, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45567.**

Court of Criminal Appeals of Texas.

Feb. 28, 1973.

Rehearing Denied May 16, 1973.

William M. McGarvey, Dallas, (Court-appointed), for appellant.

Henry Wade, Dist. Atty., and Jerome L. Croston, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for murder.

This is a companion case to Flores v. State, Tex.Cr.App., 491 S.W.2d 144 (1973); Flores and appellant were jointly tried and, after the jury returned a verdict of guilty, the court assessed appellant's punishment at life.

We reject appellant's first contention, finding the evidence, as set out in Flores v. State, supra, sufficient to support the conviction.

Appellant's next contention that the court erred in refusing to order the witness Mason to testify has been decided adversely to him in Flores v. State, supra,

where the identical complaint was made. It is again overruled.

Appellant contends that the argument of the State concerning coercion of the witness Garza was unsupported by evidence and constituted bad faith on the part of the State.

The record reflects that the following occurred during the argument of the State:

"Now ladies and gentlemen, is it reasonable that Juan Garza, as scared as he was, would tell the parole officer of this man here who had done anything and did tell him anything when he came up here to the County Jail on November 13 of 1970 when at the time Juan Garza was in the same tank with Ortega's brother?"

"Mr. McGarvey:" (counsel for appellant) "Now just a minute. I'll object to that."

"Mr. Thomas:" (counsel for Jerome Flores, Jr.) "Your Honor, I'll object."

"Mr. McGarvey: We're going to ask for a dismissal. You are going to have to instruct that jury."

"Judge Chamberlain: I can (sic) understand both of you."

"Mr. McGarvey: Alright we'll demand that you instruct the jury to totally disregard this. It is completely outside the evidence. It is testimony by the District Attorney."

"Judge Chamberlain: I'll sustain your objection."

"Mr. McGarvey: And I'll ask for a mistrial here."

"Judge Chamberlain: I'll overrule your objection."

Harrold Barnett, District Parole Officer, had testified that Garza told him that appellant did not shoot the deceased. Appellant urges that the State's argument in going outside the record "that Garza was in the same tank with Ortega's brother," in an effort to discredit the testimony of Barnett, was an error of such magnitude that it prejudiced the minds of the jury so that they could not render a just verdict.

The first objections made by appellant and counsel for codefendant Flores to the argument were general, stating no grounds or reasons for such objection. See Verret v. State, Tex.Cr.App., 470 S.W.2d 883. When the court was informed of the basis of the objection, "It is completely outside the evidence. It is testimony by the District Attorney," the record reflects that the objection was immediately sustained by the court. Appellant then moved for a mistrial without waiting for an instruction to the jury or a ruling by the court on his request for instruction which was made before the basis of appellant's objection was ever made known to the court. A review of the record reflects that there was testimony which showed that Garza had accused appellant shortly after the murder while Garza was in the hospital and during the time before the trial.

■ We conclude that the argument, although improper, was not so prejudicial under the facts of this case but what an instruction from the court would have rendered the same harmless. In failing to request an instruction by the court after his objection had been sustained and getting a ruling thereon, appellant has presented nothing for review. See 5 Tex.Jur.2d, Appeal and Error—Criminal, Sections 45 and 46.

Appellant next complains of the State's closing argument relative to appellant killing a man.

■ This contention is brought forward in bill of exception number three which the court would not approve, the court's order reciting that same was denied "as not being timely filed, notice of appeal having been given June 10, 1971, and being filed after ninety days." The bill of exception shows to have been filed on February 16, 1972. Thus, it was not presented to the

court within ninety days after notice of appeal was given as required by Article 40.09, Sec. 6(a), Vernon's Ann.C.C.P. No good cause for the delay in presenting the bill is shown.

Appellant's contentions numbered six and seven are also based on bill of exception number three and will not be considered for the reason heretofore stated.

Appellant contends that the argument of the State that no deal was made with the State's only fact witness requires reversal.

■ In this contention, appellant relies on his second amended motion for new trial, filed on February 8, 1972. The court overruled this motion with the notation, "not considered by the court as not timely filed." Conviction was on December 10, 1970. Thus, appellant's second amended motion for new trial was filed over a year after the statutory period provided by Article 40.05, V.A.C.C.P. The motion recites that it did not come to appellant's knowledge that the State's only fact witness Garza was released from jail and that a probation revocation and a DWI second case had been dismissed until after the first amended motion for new trial had been overruled. The motion does not recite when such information was obtained or that the State had, in fact, agreed to dismiss cases pending against Garza when the complained of argument was made. No error is shown in the court's refusing to consider appellant's second amended motion for new trial. See Watkins v. State, Tex.Cr.App., 438 S.W.2d 819.

■ Appellant contends that the rulings of the court regarding hearsay evidence indicate bias and abuse of discretion of the court. Bias, if any, of a trial judge, standing alone, would not constitute error. Appellant could, of course, complain of an erroneous ruling made by the court as a result of prejudice, but it would be the error in the ruling rather than the prejudice that would give him the right to complain. Quarles v. Smith, Tex.Civ.App., 379 S.W.2d 91. The trial judge in the instant case is not shown to have a direct interest in the case so that the result would affect him to his personal or pecuniary loss or gain. Aldridge v. State, 170 Tex.Cr.R. 502, 342 S.W.2d 104.

No error is shown.

■ In his next contention, appellant contends "that State's witness testified to hearsay evidence, Rec. 85 and 86, over the objection of appellant . . . ." Appellant does nothing to identify the complained of testimony other than refer to "Rec. 85 and 86." This does not constitute a ground of error as required by Article 40.09, Sec. 9, V.A.C.C.P. See Dominguez v. State, Tex.Cr.App., 459 S.W.2d 628.

Lastly, appellant contends that the State's only fact witness was permitted to be led on direct and re-direct over objection of appellant.

Appellant points to the pronouncement of the court from the bench, "I will permit leading questions so long as they're not suggesting answers. This man apparently has a language difficulty." Appellant urges that leading questions asked over objection on certain numbered pages of the record are not permitted under the exceptions to the rule prohibiting leading questions.

■ The matter of permitting the asking of leading questions rests in the sound discretion of the trial judge and, unless the appellant can show that he was unduly prejudiced by virtue of such questions, no reversal of his conviction can be had. Linton v. State, 171 Tex.Cr.R. 213, 346 S.W.2d 320; Ballew v. State, Tex.Cr.App., 452 S.W.2d 460.

Appellant having failed to demonstrate that he was unduly prejudiced by the asking of leading questions, no error is shown.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.