Arthur Edward CHERRY, Appellant,

v.

The STATE of Texas, Appellee.

No. 46722.

Court of Criminal Appeals of Texas.

Nov. 28, 1973.

Rehearing Denied Dec. 19, 1973.

The record reflects that Geneva Fay Honeycutt was shot to death on June 17, 1972. Wayne Adams, the son of the deceased, testified that on the day in question he was living with his wife in a trailer house at 641 North 19th Street in Abilene. Appellant and the deceased were also living in this same trailer house in the same bedroom.[1]

Appellant, testifying in his own behalf, stated that he arrived at the trailer house at approximately 3:00 P.M. on the day in question; that the deceased was passed out drunk; that deceased woke up and asked him to get her some cigarettes; that deceased got mad when he couldn't find the cigarettes and started trying to find his hunting knife; that deceased was continually "cussing" him. After appellant went to the living room and started watching TV, the deceased came in and started "cussing" him again. Appellant got up and put his hat on to leave, at which time deceased called him a "striped yellow black mother fucking son-of-a-bitch." Appellant then went into the back bedroom, got a rifle, went back into the living room, and shot the deceased.

Appellant stated that he was afraid of deceased because she had previously stabbed one man and shot another. He stated that his shooting deceased was done in the "heat of passion" after she called him the above quoted name and threatened him.

The first ground of error asserts that the trial court erred in allowing the prosecutor to cross-examine character witnesses about a prior felony conviction of appellant which occurred more than thirty-five years ago. At the punishment phase of the trial, appellant called three character witnesses. Each testified that the reputation of appellant for being a peaceful and law abiding citizen was good.

W. D. Little testified that appellant was working for him up to the time he was ar-

Charles Scarborough, Abilene, for appellant.

Ed Paynter, Dist. Atty., Abilene, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of murder. Punishment was assessed by a jury at 40 years.

---

1. Appellant, a 67 year old man, was married to the deceased's mother and was separated from her at the time in question.

rested and that his reputation was good. Upon cross-examination by the prosecutor, the following occurred:

"Q. Mr. Little, have you ever heard a rumor to the effect that Arthur Edward Cherry had been convicted of forgery in Oklahoma?

"MR. SCARBOROUGH: Objection, Your Honor. Now, that's an improper question. It doesn't tie down to time, and this may be too remote, or an improper question.

"THE COURT: I will overrule your objection.

Q. Have you ever heard a rumor to that extent?

A. Mr. Cherry told me about this thing.

Q. All right. Even and understanding that it's still your statement that his reputation for being a law-abiding person is good?

A. Under the circumstances involved of the way he told me, well, it wouldn't change my opinion at all."

Upon re-direct by appellant, the following occurred:

"Q. Mr. Little, this was a 1937 offense that Mr. Paynter is talking about, to your knowledge; is that correct, or somewhere back in that area?

A. Mr. Cherry told me about this thing and I really wasn't interested in it enough to know the exact date or the particulars involved, but it didn't seem to be very important.

Q. And it was a long time ago?

A. A long time ago, yeah."

■ The testimony of the other two character witnesses was substantially the same as that of witness Little.

Article 37.07, Vernon's Ann.C.C.P., provides in part:

"3. Evidence of prior criminal record in all criminal cases *after a finding of guilty*

(a) Regardless of the plea and whether the punishment be assessed by the judge or the jury, *evidence may be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character.* The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged." (Emphasis supplied.)

Under this Article, witnesses attesting to the good reputation of an accused may be asked on cross-examination whether they have heard of acts of the accused inconsistent with that reputation to test the weight, credibility and sincerity of their testimony. See Lewis v. State, 486 S.W.2d 104 (Tex.Cr.App.1972). Furthermore, such inquiry under Article 37.07, Section 3(a), supra, is not subject to the objection of remoteness. See Vance v. State, 365 S.W.2d 182 (Tex.Cr.App.1963); Richardson v. State, 154 Tex.Cr.R. 422, 228 S.W.2d 179 (1950). It is an inquiry made for purposes of impeachment, under Article 38.29, V.A.C.C.P., that may be subject to objection for remoteness. See Penix v. State, 488 S.W.2d 86 (Tex.Cr.App.1972); 62 Tex.Jur.2d, Witnesses, Section 273, p. 248.

■ In the case at bar, the questions were proper for the purpose of testing the character witnesses' testimony. Its remoteness was not a matter in issue because it was an inquiry of character witnesses made after a finding of guilty.

The first ground of error is overruled.

Appellant contends by his second ground of error that the trial court erred in refusing to submit his motion for probation even though his motion showed a remote prior felony conviction which was thirty-

five years old. The motion for probation filed before trial admitted that appellant had been previously convicted of a felony, to wit: *"for a 1937 Oklahoma conviction for forgery."*

■ Article 42.12, Subdivision B, Section 3a, V.A.C.C.P., provides in part:

"In no case shall probation be recommended by the jury except when the sworn motion and proof shall show, and the jury shall find in their verdict that *the defendant has never before been convicted of a felony in this or any other State."* (Emphasis supplied.)

Appellant's sworn motion was insufficient under the quoted statute to justify such submission to the jury. The second ground of error is overruled.

The third ground of error alleges that the trial court· erred in commenting on the weight of the evidence in his charge to the jury during the guilt-innocence stage.

Paragraph three of the court's charge to the jury states:

"Malice aforethought is the voluntar*ily* and intentional doing of an unlawful act by one of sound mind and discretion, and with the purpose, means and ability to accomplish the reasonable and probable consequences of the act, and includes all those states of mind under which the killing of a person takes place without any cause which will in law justify, excuse or extenuate the homicide. Malice aforethought is a condition of mind which shows a heart regardless of social duty and fatally bent on mischief, the existence of which is inferred from acts committed or words spoken. No particular time is required for the germination or growth of malice; it may occur in an instant."

■ Appellant's contention is that the last sentence of the above quoted paragraph is a comment on the weight of the evidence. The sentence in question was not a comment on the weight of the evidence. The trial court properly defined the time span in which malice may arise. See Johnson v. State, 401 S.W.2d 837 (Tex.Cr.App.1966); 29 Tex.Jur.2d, Homicide, Section 82, p. 95.

The third ground of error is overruled.

The fourth and final ground of error is a contention that the trial court erred in its instruction on self-defense by limiting it to apparent danger, omitting in said instructions threats and words spoken. The charge states:

"Now, if you believe from the evidence, beyond a reasonable doubt, that the defendant, Arthur Edward Cherry, killed Geneva Fay Honeycutt by shooting her with a gun, *but you further believe from the evidence that at the time of so doing, if he did, from the words of the deceased, if any, or from the words coupled with the acts or conduct of the deceased, if any,* viewed from the standpoint of the defendant, under all the facts and circumstances within his knowledge, it reasonably appeared to him that his life or person was in danger and there was created in his mind a reasonable expectation or fear of death or serious bodily injury, and that acting under such reasonable expectation or fear the defendant shot and killed Geneva Fay Honeycutt, then you should find him not guilty, or, if you should have a reasonable doubt as to whether or not the defendant was acting in self-defense when he killed the deceased, if he did, you should give him the benefit of the doubt and find him not guilty." (Emphasis added.)

In Gavia v. State, 488 S.W.2d 420 (Tex. Cr.App.1972) we stated:

"When a defensive theory is raised by evidence from any source and *a charge is properly requested,* it must be submitted to the jury." (Emphasis added.)

■ The above quoted charge instructed the jury in substantially that manner re-

quested by appellant, and adequately protected his rights on the issue of self-defense in the face of threats or spoken words.

The final ground of error is overruled.

There being no reversible error, the judgment is affirmed.