**Jimmy JONES, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–014–CR.**

Court of Appeals of Texas, Corpus Christi.

Oct. 15, 1981.

Nate Rhodes, Corpus Christi, for appellant.

Wm. B. Mobley, Jr., Dist. Atty., Corpus Christi, for appellee.

Before NYE, C. J., and UTTER and KENNEDY, JJ.

## OPINION

UTTER, Justice.

This appeal was taken from a conviction for murder and as a repeat felony offender. After a jury found appellant, Jimmy Jones, guilty of murder, the court assessed his punishment at sixteen (16) years imprisonment.

Appellant contends that the court erred in refusing to permit counsel to cross-examine witnesses as to their knowledge of deceased's history and reputation for violence; and in not allowing appellant to testify as to the deceased's reputation for violence.

Appellant's first ground of error concerns the testimony of Michael Tyron and the court's ruling. At this time the appellant had not testified, nor had the issue of self-defense been raised. On cross-examination Tyron testified:

"Q. Did the deceased carry a weapon?

A. Not to my concern it wasn't.

Q. Have you ever seen him carry a weapon?

A. No.

Q. Have you ever known him to use a weapon on someone else?

A. No.

MR. McGUIRE: Your Honor, that is irrelevant.

THE COURT: He said no.

Q. He has—

THE COURT: He has answered your question.

Q. You said no?

A. Yes.

Q. Have you ever known him to commit acts of violence on any other person?

MR. McGUIRE: Your Honor, I'll object. It's irrelevant.

THE COURT: Sustained.

MR. DANCER: Your Honor, we respectfully except to the Court's ruling.

THE COURT: You may recall him at a later time if that developes, Mr. Dancer.

MR. DANCER: Yes, sir. Thank you."

■ After appellant had testified and raised the issue of self-defense the witness was not recalled. Appellant did not perfect a bill of exception to show what the testimony would have been if he had been permitted to elicit such answers. Nothing is presented for review. See *Ross v. State*, 523 S.W.2d 402 (Tex.Cr.App.1975); *Davison v. State*, 510 S.W.2d 316 (Tex.Cr.App.1974); *Pegoda v. State*, 470 S.W.2d 675 (Tex.Cr. App.1971).

■ Appellant's second ground of error alleges that the trial court limited his cross-examination of the state's witness, Phillip Tanksby. The trial court allowed the witness to testify as to acts of violence by the deceased which he, the witness, personally saw but properly excluded those acts of which he had no personal knowledge. In addition appellant complains of the trial court excluding evidence as to the witness' opinion of whether or not the deceased was a "dangerous man". Once again the issue of self-defense had not been raised, and the witness was not recalled. The trial court properly sustained the objection. *Dempsey v. State*, 159 Tex.Cr.R. 602, 266 S.W.2d 875 (1954).

In his next ground of error appellant alleges the trial court erred in not allowing counsel to cross-examine the lay witness Sally Williams as to the effect of certain drugs on the human body. The trial court sustained an objection to the admission of such testimony because the witness was not qualified as an expert to give such opinion. After the court's ruling, if counsel for appellant thought the ruling was in error and if counsel thought he could qualify the witness by presenting the proper predicate for

the admission of her testimony, he could have done so by either a bill of exception or under the provisions of Article 40.09 Sec. 6(d)(1) Vernon's Annotated C.C.P. Counsel for appellant did not do so, therefore nothing is presented for review. *Ashford v. State,* 502 S.W.2d 27 (Tex.Cr.App.1973).

Appellant's next ground of error contends that he was not allowed to testify concerning acts of violence on the part of the deceased. The record reflects that after the state's objection was sustained, the court reversed itself and allowed the appellant to give the testimony. This ground of error is without merit.

■ Appellant in his next ground of error contends the court erred in admitting into evidence the record from the Texas Department of Corrections known as a "pen packet" which contained a motion to revoke probation which was inadmissable. The "pen packet" shows that appellant was convicted of swindling with worthless checks and placed upon probation for two (2) years. Subsequently, a motion to revoke appellant's probation was filed alleging that appellant committed the offense of aggravated assault. Appellant's probation was revoked based upon such motion. The record reflects that the appellant took the stand in his own behalf. On direct examination appellant testified that:

> "Well, I had been to the penitentiary. I had some checks, and I didn't pick them up in time. They put me on probation, and I had an assault charge, and it drew the revocation. I was sent to the penitentiary."

Appellant further testified:

> "Well, just an accident, I was fixing to shot (sic.) in the floor, I hit the young lady in the foot."

It was after this testimony on direct examination that the "pen packet" was offered and admitted into evidence. Under these facts and circumstances the trial court did not err in the admission of the "pen packet". *Williams v. State,* 368 S.W.2d 207 (Tex.Cr.App.1963); *Jackson v. State,* 548 S.W.2d 685 (Tex.Cr.App.1977).

Appellant's sixth ground of error complains of the trial court's refusal to allow him to explain a prior conviction for swindling by worthless checks which was introduced to impeach appellant when he testified in his own behalf. We are unable to evaluate appellant's contention since he did not perfect his bill of exception. Nothing is therefore presented for review. *Lyons v. State,* 503 S.W.2d 254 (Tex.Cr.App.1973). See also *Coronado v. State,* 508 S.W.2d 373 (Tex.Cr.App.1974); *Duran v. State,* 505 S.W.2d 863 (Tex.Cr.App.1974).

Appellant's seventh ground of error complains that the "have you heard" questions as to defendant's prior conduct used by the state in cross-examination of the appellant's character witnesses were based upon acts too remote in time.

■ Witnesses attesting to the good reputation of an accused may be asked on cross-examination whether they have heard of acts of the accused inconsistent with that reputation to test the weight, credibility and sincerity of their testimony. *Lewis v. State,* 486 S.W.2d 104 (Tex.Cr.App.1972); *Cooper v. State,* 470 S.W.2d 702 (Tex.Cr. App.1971); *Smith v. State,* 411 S.W.2d 548 (Tex.Cr.App.1967); *Vance v. State,* 365 S.W.2d 182 (Tex.Cr.App.1963). These inquiries on cross-examination have not been restricted to acts occurring within any specific time limits. See *Calloway v. State,* 153 Tex.Cr.R. 131, 218 S.W.2d 469 (1949); *Richardson v. State,* 154 Tex.Cr.R. 422, 228 S.W.2d 179 (1950); *Vance v. State,* Supra; *Cooper v. State,* Supra.

■ Appellant's final two grounds of error, eight and nine, complain that he was represented by incompetent counsel at the trial stage. For purposes of determining the effectiveness of an attorney's representation we have adopted the "reasonable effective" assistance of counsel standard for use in this jurisdiction. *Mott v. State,* 543 S.W.2d 623 (Tex.Cr.App.1976); citing *Satillan v. State,* 470 S.W.2d 677 (Tex.Cr.App. 1971); *Ex Parte Prior,* 540 S.W.2d 723 (Tex. Cr.App.1976); *Ex Parte Gallegos,* 511 S.W.2d 510 (Tex.Cr.App.1974). We have also formulated reasonable and flexible

rules in order to guide our application of this set standard. First, the sufficiency of an attorney's assistance must be gauged by the totality of the representation of the accused. *Ex Parte Prior*, Supra. Secondly, assertions of ineffective counsel shall be sustained only if they are "firmly founded". *Williams v. State*, 535 S.W.2d 352 (Tex.Cr. App.1976); *Faz v. State*, 510 S.W.2d 922 (Tex.Cr.App.1974). The record must affirmatively demonstrate the counsel's ineffectiveness. Our duty is to review the totality of the representation and determine whether the appellant had been denied his constitutional right to effective assistance of counsel. *Ex Parte Prior*, Supra.

■ As it appears in the record appellant's counsel was hung on the horns of dilemma; whether to attempt to persuade the jury of appellant's plea of self-defense by appellant's testimony alone or whether to try to buttress appellant's testimony by calling his brother, a minister and air traffic controller, as a character witness, thus subjecting him to numerous "have you heard" questions in cross-examination. In order to attempt to substantiate appellant's plea of self-defense he chose the latter course of action. This does not support appellant's contention that trial counsel was either incompetent or ineffective. See *Ex Parte Hill*, 528 S.W.2d 259 (Tex.Cr.App. 1975). This ground of error is overruled.

We have carefully reviewed all of the appellant's grounds of error and the evidence introduced at trial. We hold that the judgment of the trial court should be affirmed.