# MARCH 8, 1944

## J. L. HOGAN V. THE STATE.

No. 22784. Delivered March 8, 1944.

The opinion states the case.

*Kelly & Veillon,* of Beaumont, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant, a youth 21 years of age, and crippled from infantile paralysis, received a suspended sentence for theft of an automobile on July 7, 1943, and was afterward indicted for theft of Mr. Virgil Furby's Buick sedan on July 9, 1943, and upon this trial he was convicted by the jury and given a term of two years in the penitentiary, and from a judgment predicated thereon he appeals.

The facts show that Mr. Furby parked his Buick car on a street in Beaumont sometime between 8 and 9 o'clock in the evening, on the date alleged, and later when he returned to where he had left the car it was gone, and taken without his consent. Later the same day one Dan Hines, a peace officer in Orange County, was passed by a Buick car on the road they were both traveling. This car was being driven in an erratic manner, and the driver thereof acting like a drunken person, the car weaving from one side of the road to the other side. The officer followed the car, and was unable to pass same until they came to a filling station on the roadside, when the officer came up to the side of the Buick car and told the driver to stop. Whereupon the driver stopped and jumped out of the car and ran some block or two and was apprehended by persons other than the peace officer Hines, who testified that there was no other person in the Buick car at the time he saw and followed it. This Buick car was identified as Mr. Furby's automobile.

Appellant took the stand and denied any knowledge that the Buick car had been stolen, and claimed that he was invited to ride therein by one Fred Ramsey, who later on allowed the appellant to drive the car, but who was present therein when they were accosted by the officer, and who fled from the car at the time it was stopped by the officer. The presence of anyone other than appellant in such car was denied by such officer.

The charge of the trial court was excepted to because it was alleged that same failed to present in an affirmative way the

appellant's defense, "that is, if Ramsey stole the automobile in question and picked up the defendant in Beaumont, on Orleans Street, to go to Orange, they should acquit the defendant of the offense charged against him in this indictment."

We think the trial court met this objection by including the following paragraph in his charge to the jury:

"You are further instructed that if you find that said car was stolen by Fred Ramsey, if it was stolen, or have a reasonable doubt thereof, you will acquit the defendant.

"You are further instructed that mere presence of defendant at time of commission of an offense is insufficient to sustain a conviction, unless you find that he participated in the offense, if any."

The appellant also complains in his exceptions to the trial court's charge because the same fails to instruct the jury that they could only consider the fact of appellant's previous conviction for automobile theft as affecting his credibility as a witness. It is to be noted that the State did not offer such evidence, but same was introduced by appellant in the following language:

"It is a fact that I had just gotten out of jail under a suspended sentence the day before. That was for stealing a car. I was not stealing any more cars."

The matter was not offered by the State as an impeachment of the appellant, but instead was offered by appellant as a reason why he did not steal this car, and his plea of guilty to the theft was also offered because of his guilt, so he testified, for the purpose, we think, of showing that he dealt fairly with the State in the first instance, leaving the probability that he was also dealing fairly with the State in the present instance when he denied participation in this alleged theft.

Appellant's objection to the court's charge because the same did not instruct the jury that the evidence relative to a prior conviction could only "be considered to impeach his credibility as a witness" is not well taken. Appellant could not impeach his own witness, except under certain circumstances not here presented.

We find no error in the record, and the judgment is therefore affirmed.