JOHN WILEY V. STATE.

No. 24324. April 6, 1949.
State's Motion for Rehearing Denied May 18, 1949.

*Dawson & Hatten* (by *Alvin R. Dawson*) and *Kenneth H. Aynesworth,* all of Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, and *E. T. Branch,*

Assistant Criminal District Attorney, Houston, and *Ernest S. Goens*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for murder with a sentence of twenty years in the penitentiary.

Appellant lived in the home of his uncle, Dan King and wife, Ellen, who were more than three score years and ten. On July 14th, 1948, appellant came to the home at about 7:30 in the evening and called for some money he had left with his uncle. The uncle declined to give him the money at that time, but told him to go sober up and come back in the morning and he would give it to him; that if he had it then he would throw it away. After some fuss between the parties appellant left, but soon returned and renewed the demand for his money. The evidence differs sharply as to what occurred thereafter. Both appellant and the deceased were just inside the door, while the wife of the deceased, in a helpless condition, was on the gallery. She testified that the appellant stabbed her husband and that he fell forward with blood gushing forth on the floor, and that appellant then left but was pursued and taken into custody. A neighbor also testified as to the occurrence in the manner contended for by the state. Appellant raised an issue of self-defense which was settled by the jury. The uncle died immediately.

The defendant presented several witnesses who testified as to his good reputation. The assistant district attorney, in cross-examining these witnesses, asked them if they had heard about his being charged with certain offenses at specific times and places. Some witnesses answered in the negative and some partly in the affirmative. This evidence was produced over objection and then, at the proper time, the court was requested to limit in his charge the consideration which the jury might give to this evidence.

It is appellant's theory that the prosecuting attorney did not ask the questions in good faith, that it was an effort to create an impression that the accused had been convicted of other felonies, one of which was referred to as a murder. Though the state gave in his questions the specific time, place and person, this would seem to have been denied by appellant who testified that he had never been convicted of a felony in this or any other state. The state did not follow it up and offer any proof further than the questions to the witnesses. If, in fact, these offenses were not committed, as contended for by appellant, and the

prosecuting attorney did not ask the question in good faith, the conduct would at least be reprehensible and probably call for a reversal of the case. However, we have no showing to support the bills now before us upon which we could rely for the contention that the attorney did not act in good faith. Consequently, it is our conclusion that these bills do not show error. Stewart v. State, 188 S. W. (2d) 167.

The next question raised is on the complaint that the court declined to amend his charge after objection had been filed and did not restrict the purpose for which this evidence was admitted. This matter was brought to the attention of the court at the proper time. The evidence of those character witnesses, who admitted that they had heard of some of the extraneous offenses inquired about, brought before the jury facts specifically detailed in the questions about extraneous offenses, for which appellant was not then on trial. Such evidence could not be admissible for an unlimited purpose as it stands in the record. The question has been recently discussed in Cause No. 24,172 on the docket of this court, C. L. Tweedle v. State, (Page 200 of this volume.) For further authorities see: Rosamond v. State, 263 S. W. 297, Bryant v. State, 271 S. W. 610; Pettiett v. State, 272 S. W. 473; Sanderson v. State, 3 S. W. (2d) 453; Robidoux v. State,34 S. W. (2d) 863; Fawcett v. State, 213 S. W. (2d) 830.

The evidence was admissible to enable the jury to test the knowledge of the witnesses as to his reputation and the weight to be given to their testimony. It should have been so limited in the charge. The court fell into error requiring that this case be reversed and the cause be remanded for a new trial. It is so ordered.

## ON STATE'S MOTION FOR REHEARING.

DAVIDSON, Judge.

It is the rule of long standing that if impeaching testimony can be used only for the purpose of impeachment, no necessity exists to limit such testimony before the jury. Branch's P. C., Sec. 188, p. 121; Art. 658, Vernon's C. C. P. and authorities cited under Note 133 thereof; Dowlen v. State, 144 Tex. Cr. R. 177, 161 S. W. (2d) 1067; 42 Tex. Jur., Secs. 99 and 100, pp. 136-137.

The state insists that the reversal of this case, predicated

upon the failure to limit impeaching testimony, violates the rule stated.

The question, then, is whether the impeaching testimony was such as could be used by the jury for purposes other than and outside of impeaching the witnesses.

We are not here dealing with testimony which impeaches the accused as a witness, such as existed in the Tweedle case, 218 S. W. (2d) 846, cited as authority sustaining our original opinion in this case.

Here five witnesses attested appellant's good reputation as a peaceable and law-abiding citizen. Such testimony supported the application for a suspended sentence and placed in issue the appellant's reputation for the trait of character mentioned. Upon cross-examination the state asked each of these witnesses if they had heard that in 1939 appellant had cut a man by the name of Easter in the neck. Three of the witnesses testified that they had heard of such conduct by appellant; two of the witnesses said they had not so heard. The state then asked each of those witnesses if they had heard that appellant in 1940 had stabbed and killed one Solomon. One of the witnesses answered that he had so heard; the others denied having heard thereof.

It is this testimony of the witnesses who admitted having heard of appellant's conduct in the two particulars mentioned that the appellant sought to have limited before the jury.

Witnesses attesting the good reputation of an accused may, as affecting the weight, credibility, and sincerity of their testimony, be asked upon cross-examination as to whether they had heard of acts of the accused inconsistent with that reputation. Attesting authorities will be found in 39 Tex. Digest, Witnesses, Sec. 274 (2), p. 200. Such, however, is as far as the state is permitted to go in such matters, for it is expressly prohibited from conducting the cross-examination or framing the interrogatories so as to show specific acts of misconduct on the part of the accused or that he has, in fact, been guilty of such acts. Adaire v. State, 119 Tex. Cr. R. 381, 45 S. W. (2d) 984; Stewart v. State, 148 Tex. Cr. R. 480, 188 S. W. (2d) 167; McNaulty v. State, 138 Tex. Cr. R. 317, 135 S. W. (2d) 987.

The distinction between the two rules just stated lies in the fact that the inquiry of the character witnesses as to whether they had heard of acts of misconduct by appellant is admissible,

upon the theory of impeachment of the witness' testimony; on the other hand, the state is expressly precluded from proving, by hearsay, that the accused is in fact guilty of misconduct.

Here, the jury had before it the testimony of three witnesses that they had heard that appellant had, in 1939, cut another person in the neck. Also, one of these witnesses had heard that, in 1940, appellant had stabbed another man to death. The jury were not advised by the court as to the purpose for which such testimony was admitted; nor were they told that they could consider same only for the purpose for which it was admitted.

It is apparent, therefore, that the jury could appropriate and consider such testimony for any purpose they might deem proper and could very easily say that because three witnesses had heard that appellant stabbed a man and a year later killed another, there must be some truth in the hearsay testimony.

Such being true, it is apparent that the testimony should have been limited before the jury.

The state's motion for rehearing is overruled.

Opinion approved by the Court.