**Warren Lee MOSS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 35211.**

Court of Criminal Appeals of Texas.

Feb. 6, 1963.

John W. O'Dowd, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Theodore P. Busch and Carol S. Vance, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Assault with intent to murder with malice is the offense; the punishment, seven years in the penitentiary.

The state's proof shows that appellant and the injured party, Frances Marie McElwee, had lived together as common law husband and wife in the city of Houston. During the month of December, 1961, a disagreement arose between them and they

ceased living together. On December 12, which was a few days after their separation, appellant went to where the injured party was employed to talk with her about a reconciliation. The injured party got off from work around 12:30 o'clock p. m., and appellant left the place with her. Later in the evening as the two were walking toward her house in the 3100 block of Lyons Avenue, appellant shot the injured party five times with a .22 calibre pistol, the bullets striking various portions of her body from the buttocks to the neck. It was shown by the testimony of the injured party and other witnesses to the shooting that the shots were fired by appellant as the injured party was running away from him, the last shot being fired after she had fallen.

It was further shown that, after firing the shots, appellant fled from the scene and some two hours later surrendered to the officers and told them he was involved in the shooting. After being duly warned, appellant made and signed a written statement, which was introduced in evidence by the state, in which he admitted firing the shots at the injured party.

Testifying as a witness in his own behalf, appellant admitted shooting the injured party, and in support of his application for suspended sentence stated that he had never been convicted of a felony in this or any other state.

Several character witnesses were called by appellant and testified that his general reputation for being a peaceable and law-abiding citizen was good. Upon cross-examination, the state asked some of the witnesses if they had heard that in April, 1955, appellant was arrested for carrying a pistol and also if they had heard that he had shot the injured party in the month of August, 1961. None of the witnesses testified that they had heard of the arrest in 1955, but two of the witnesses testified that they had heard of appellant shooting the injured party in August, 1961.

While testifying as a witness in his own behalf, appellant explained fully the occasion of his arrest in 1955, and testified that at such time he was arrested for carrying a pistol, placed in jail overnight, and released the next day without any charges being filed. Appellant also explained the matter of his shooting the injured party in August, 1961, stating that he did shoot her as the result of an argument but that no charges were filed against him.

Appellant's sole contention on appeal is that the court erred in failing to limit in his charge the jury's consideration of the testimony relative to his arrest in 1955 and his shooting the injured party in 1961.

As heretofore shown, the testimony regarding appellant's arrest in 1955 for carrying a pistol was introduced by appellant on his direct examination. The questions propounded by the state on the cross-examination of his character witnesses and answered in the negative were as to whether they *had heard* that appellant was arrested for carrying a pistol. In Hogan v. State, 147 Tex.Cr.R. 75, 178 S.W.2d 525, it was held that where the accused brought out in his testimony a prior theft conviction, a charge limiting the jury's consideration of such testimony to the matter of his credibility as a witness was not required. The accused could not impeach himself as a witness.

Wiley v. State, 153 Tex.Cr.R. 370, 220 S.W.2d 172, relied upon by appellant, is not here applicable, because in that case the testimony relative to certain prior acts of misconduct and charges against the accused was introduced by the state on cross-examination of his character witnesses. The testimony was not introduced by the accused, as was done by appellant in the present case.

Under the record presented, the court did not err in refusing to restrict the jury's consideration of the testimony regarding appellant's arrest in 1955.

Nor did the court err in refusing to restrict the jury's consideration of the testi-

mony relative to appellant having shot the injured party in 1961.

Appellant having, himself, testified fully as to the shooting rendered unnecessary an instruction by the court limiting the jury's consideration of such testimony. Johnson v. State, Tex.Cr.App., 332 S.W.2d 709.

Furthermore, the testimony relative to appellant shooting the injured party in 1961 was admissible as original evidence to show malice, intent, and motive on the part of appellant. Such testimony being admissible to prove a main issue in the case, a charge limiting the jury's consideration thereof was not required. Whiteside v. State, 115 Tex.Cr.R. 274, 29 S.W.2d 399; Hamilton v. State, 41 Tex.Cr.R. 644, 56 S.W. 926.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment of the trial court is affirmed.

Opinion approved by the Court.