**Oliver James SAPP, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44547.**

Court of Criminal Appeals of Texas.

Feb. 2, 1972.

Rehearing Denied March 8, 1972.

Frank L. Supercinski, Longview, for appellant.

Ralph Prince, Dist. Atty., Longview, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for assault with intent to rob where the punishment was assessed at 5 years.

At the outset appellant challenges in two grounds of error the sufficiency of the evidence to sustain his conviction as a principal to the alleged offense.

Duane H. Laird, a service station operator in Kilgore, testified that on November 20, 1970, about 10 p. m. the appellant and another man came to his station and pawned a tire for $3.00. He related that they returned about 12 p. m. and asked to pick up the tire. They were driving a white Ford Fairlane automobile[1] without license plates. After finishing waiting on other customers Laird entered the station followed by the two men. When Laird opened the cash register appellant's companion with his hand in his pocket told Laird "This is a stick up." Laird then pulled a pistol from his pocket and marched the appellant and his companion outside and ordered them to place their hands on the gasoline pumps. He hollered to passers-by to call the police. After a short time the appellant and his companion ran to the car in which they had arrived and fled. Laird fired three shots in the air but the two men did not stop.

At the police station Laird "voluntarily" picked up a box of 40 or 50 photographs and identified the photograph of the appellant as one of the men who had been at his station. On the morning of November 21, 1970, Laird and Officer Ferguson were riding in the area where the appellant was known to be staying when they observed him driving a 1963 white Ford Fairlane automobile bearing Oklahoma license plates, and accompanied by two or three other men. The highway patrol was alerted and asked to apprehend the appellant. The patrolman was able to do so only after a chase at 85 m. p. h. Laird said the Ford appeared to be the same one that had been in his station the evening before.

Appellant, testifying in his own behalf, denied the offense and claimed an alibi and offered other witnesses in support of such defensive issue.

The court charged the jury on the law of principals and the defense of alibi. By their verdict the jurors rejected appellant's claim of alibi.

Appellant contends the State's evidence shows nothing more than mere presence and is not sufficient. It is noted that Laird in describing appellant's position when the other man said "This is a stick up" related that appellant was "two or three feet behind him. In other words, they were together."

While it is true that mere presence alone will not constitute one a principal, we conclude the facts and circumstances are sufficient to make the appellant a principal. Article 65, Vernon's Ann.P.C. Johnnene v. State, 417 S.W.2d 64 (Tex.Cr. App.1967).

In Everett v. State, 216 S.W.2d 281 (Tex. Cr.App.1948), this court said:

"An agreement of parties to act together in a common design can seldom be proven by words, but reliance can often be had on the actions of the parties showing an understanding and a common design to do a certain act." See also Mills v. State, 417 S.W.2d 69 (Tex.Cr. App.1967).

---

1. On direct examination Laird testified the automobile was a 1961 or 1962 model. On cross-examination he admitted he had given a previous statement in which he described the automobile as a 1952 or 1953 model. He later stated he did not know too much about the differences in the various models.

■ Next appellant complains that the court erred in failing to give limiting instructions as to evidence of a prior burglary conviction so that such evidence would be limited to the issue of his credibility as a witness in his own behalf. The ground of error does not relate to any other impeaching evidence.

The record reflects that on cross-examination of investigating officer Ferguson the appellant's counsel elicited the fact that appellant had been arrested "several times before by the Kilgore Police" but that the witness knew only of one conviction for burglary.

On direct examination the appellant testified that while enroute from Oklahoma City to Kilgore he had generator trouble causing his car's lights to go dim, that he was arrested by the Kilgore police, charged with being drunk and having a knife that was "too long" and remained in jail from November 14, 1970, until November 20, 1970, the day of the alleged offense.

On cross-examination the State elicited the fact that the appellant had been convicted of burglary in 1967, had subsequently been convicted of shoplifting while on parole and that his parole had been revoked. He further testified that when he was released from the penitentiary he was "picked up again" and he then decided he "couldn't stay any longer there in Kilgore around the city laws."

At the conclusion of the trial the appellant timely requested that the court give a limiting charge *only* as to prior burglary conviction. It was refused. No objection nor special requested charge was addressed to the court's instructions for failure to limit any other impeaching evidence, i. e., the shoplifting conviction and parole revocation.

The State contends that no error resulted from the court's action in that the appellant first elicited evidence as to the burglary conviction in an effort to show that although he had been arrested "several times" by Kilgore police and thus harassed he had only been convicted one time. The State relies upon Hogan v. State, 147 Tex.Cr.R. 75, 178 S.W.2d 525 (1944), where it was held not error to fail to give a limiting instruction where the evidence as to the prior conviction was not offered by the State as an impeachment of the defendant but was first offered by the defendant.

Further, where it is apparent that the evidence offered can be used only for the purpose of impeachment, it has been held not necessary to limit its purpose in the charge. Wiley v. State, 153 Tex.Cr.R. 370, 220 S.W.2d 172 (1949).

While it would have been better practice for the court to have limited all of the impeaching testimony to the purpose for which it was admitted, whether requested or not, we cannot conclude that under the particular circumstances of the instant case reversible error is revealed. See Article 36.19, Vernon's Ann.C.C.P.

■ Prior to trial appellant filed a "special plea" requesting that a lineup be conducted to determine if the complaining witness could actually identify him before trial at which time he would be seated at the counsel table with his attorney. Four days before trial the motion was denied although the order denying the same was not formally entered until the date of the sentence. Appellant complains of such action.

It appears that Johnson v. State, 462 S.W.2d 955 (Tex.Cr.App.1971), has been decided contrary to appellant's contention, and further appellant has failed to demonstrate how he was prejudiced by the court's action prior to trial.

■ Next appellant advances the claim the court reversibly erred in failing to grant a mistrial motion after the prosecuting attorney made an "irreparable prejudicial remark" "calculated to lead the jury to believe that the defendant (appellant) was an escaped felon seeking to escape arrest from [sic] the alleged offense."

On cross-examination Texas highway patrolman Haskell Taylor who arrested the appellant on the morning following the alleged offense testified he had received a radio call from Officer Ferguson and that further when he stopped appellant's vehicle it had been speeding. Thereafter appellant's counsel asked:

"Q. That is right, it was speeding when you stopped it; is that correct?

"A. Yes, sir.

"Q. In fact, if it was not speeding you had no authority to stop him, did you?

"MR. EBLEN: Your Honor, counsel for Defendant is arguing law and it is well settled that a peace officer has the right to stop someone suspected of committing a felony when they are seeking to escape or may escape without a warrant. That is well settled and counsel is not entitled to argue that point.

"THE COURT: Sustained.

"Q. Your Honor, I move for a mistrial because of this man's remarks.

"THE COURT: Overruled. Let's proceed.

"Q. Because there is no indication at all here of any felony being committed.

"THE COURT: I overruled."

It is observed that no other relief was requested either before or after the mistrial motion. The question propounded was not a proper question in that it sought to call for a legal conclusion and clearly invited an objection. We fail to perceive error in the prosecutor's objection under the circumstances.

Appellant now concedes his last ground of error is without merit and we agree.

The judgment is affirmed.

MORRISON, J., not participating.