**Donnie Weldon McCARTER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44629.**

Court of Criminal Appeals of Texas.

March 1, 1972.

Rehearing Denied April 19, 1972.

Ben Henderson, Richard B. Ouer, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for driving while intoxicated a motor vehicle upon a public highway. The punishment was assessed at 2 years' confinement and a $500 fine.

The sufficiency of the evidence is not challenged. Dallas City police officers Christopher and Robison testified that they stopped the vehicle appellant was driving on the date in question after an accident had occurred. They observed appellant's alcoholic breath, bloodshot eyes, slurred speech and his difficulty in walking. Both expressed the opinion, based on their experience, that the appellant was intoxicated.

Officer Beddingfield, a certified breathalyzer operator, testified he had administered a breathalyzer test to the appellant shortly after his arrest and the test reflected 0.14 per cent blood alcohol. Ira Scott, technical supervisor of the chemical breath program of the City of Dallas, testified that the breathalyzer was in proper operational condition and that a 0.14 reading would indicate intoxication.

Testifying in his own behalf appellant admitted drinking three beers before his arrest but denied being drunk. He related that he had a flat tire and hit a fire hydrant and that he was stopped shortly thereafter by the officers.

On cross-examination he admitted he had been convicted of burglary and felony theft in 1960, forgery in 1962, felony theft and aggravated assault upon a police officer in 1970.

On re-direct examination he testified that in all previous cases he had pleaded guilty. In the instant case his plea was "not guilty."

Appellant complains first that the court erred in overruling his special requested charge and next that the court refused to give him reasonable time to object "to the court's charge and to prepare written instructions."

At the outset appellant acknowledges that his special requested charge relating to limiting the use of impeaching testimony was never reduced to writing and presented to the court prior to the reading of the charge to the jury as required by Art. 36.15, Vernon's Ann.C.C.P. He contends he was not given a reasonable time to do so or to reduce his objections to writing as required by Art. 36.14, V.A.C.C.P.

The record reflects that the jury was asked to wait in the hallway while the charge was being prepared. The court informed the jury the recess would "be about ten minutes."

Thereafter the record shows appellant's counsel made several oral requests for inclusion of certain matters in the charge. They were refused. Then he asked the court to limit the use of testimony concerning prior convictions to the purpose of impeachment of the appellant as a witness in his own behalf. This request was also refused.

The record then reflects the following:

"MR. HENDERSON: Could I—have long enough to go get a charge to that effect and bring it back—take about five minutes?

"THE COURT: No. Your office is farther away than that, Mr. Henderson.

"MR. HENDERSON: I can get one sooner than that, I think, that's the reason that the—being my office is so far, I think I can get one at another location.

"THE COURT: Where are you going to get one, Paul Bastus?

"MR. HENDERSON: Who?

"THE COURT: Paul Bastus.

"MR. HENDERSON: Well, wherever I could obtain one about extraneous offenses.

"THE COURT: No, your request is denied.

"MR. HENDERSON: O. K.

"THE COURT: I'll allow you to dictate one, and reduce it to writing.

"MR. HENDERSON: Sir?

"THE COURT: Any further objections?

"MR. HENDERSON: Not if you won't let me go to my office and get the charges that I have prepared.

"THE COURT: All right.

"MR. HENDERSON: Take it with me and be sure it's prepared, if it's all right? The Court won't let me do that?

"THE COURT: No.

"MR. HENDERSON: Note our exception.

(At this time the jury members resumed their places in the jury box and the following proceedings were had.)"

The record does not reflect the exact time allowed the appellant and his counsel to examine the charge and present his objections and special requested charges. No effort was apparently made to establish the same. The time span does not, however, appear to have been long and the State concedes the time allowed was not reasonable, but argues that the abuse of discretion was not reversible error. We agree.

Even at this late date he complains *only* that he was deprived of timely presenting his special requested charge or objection in writing as to the failure of the court's charge to give a limiting instruction as to the impeachment testimony.

Was he entitled to such a charge if a written objection or special requested charge had been timely presented?

It must be remembered that on re-direct examination it was elicited from the appellant that in all prior convictions in-

quired about by the State he had entered a plea of guilty whereas in the instant case he was pleading "not guilty" and such evidence was offered in support of his assertion of innocence.

■ Where testimony is admissible both as direct and impeaching testimony, it is not necessary to limit it to the purpose of impeachment alone. See Art. 36.14, V.A.C.C.P. n. 427. Cf. Sapp v. State, 476 S.W.2d 321 (Tex.Cr.App.1972).

■ We thus conclude that the error was harmless error. Article 36.19, V.A.C.C.P. provides as follows:

"Whenever it appears by the record in any criminal action upon appeal that any requirement of Articles 36.14, 36.15, 36.16, 36.17 and 36.18 has been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. All objections to the charge and to the refusal of special charges shall be made at the time of the trial."

The statutes (Articles 36.14 and 36.15, supra) mean exactly what they say. The legislative intent is beyond question. The courts are admonished to abide by the legislative mandate and accord the accused and his counsel a reasonable time to study the charge and make written objections and requested charges. The trial judge in the instant case does not appear to have granted the reasonable time envisioned by the Legislature. In this he was in grievous error, but in view that the only complaint advanced in the appellate briefs is that the court did not restrict the testimony as to the prior convictions solely to the purpose of impeachment, we perceive no reversible error.

■ In his third ground of error appellant contends "[t]he trial Court erred in failing to allow appellant to question the jury on voir dire."

The only portion of the voir dire in the record consists mainly of attempts to reconstruct what had been said minutes before in the absence of the court reporter. We find nothing in the record to indicate that the appellant was denied the opportunity to interrogate the jury panel on voir dire. In that portion of the voir dire examination before us, the only limitation made upon appellant's interrogation was the action of the court in sustaining the State's objection to an improper question posed by the appellant. There was nothing improper in such action. Appellant's contention is without merit.

■ The remaining grounds of error are not briefed nor is any argument advanced. In most instances we are merely referred to a page number of the record. The same does not comport with Art. 40.09, Sec. 9, V.A.C.C.P. Nothing is presented for review.

The judgment is affirmed.