**Ira WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46013.**

Court of Criminal Appeals of Texas.

May 16, 1973.

John W. O'Dowd, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Ted Busch, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION ON APPELLANT'S
MOTION FOR REHEARING

MORRISON, Judge.

The offense is rape; the punishment, fifty (50) years.

Our prior opinion is withdrawn and the following substituted in lieu thereof.

During the punishment phase of the trial, appellant's mother, Willie Mae Williams,

testified on direct examination that appellant had a reputation as a peaceful and law abiding citizen in his community. On cross-examination, the State propounded various "have you heard" questions to her to which she responded affirmatively.[1] Appellant objected, in writing, to the court's failure to charge the jury not to consider the "have you heard" questions as substantive evidence, but only to consider them in reference to the witness' credibility. In Wiley v. State, 153 Tex.Cr.R. 370, 220 S.W. 2d 172, this Court held that a failure to respond to such an objection constituted reversible error, stating:

> "This matter was brought to the attention of the court at the proper time. The evidence of those character witnesses who admitted that they had heard of some of the extraneous offenses inquired about brought before the jury facts specifically detailed in the questions about extraneous offenses, for which appellant was not then on trial. Such evidence could not be admissible for an unlimited purpose as it stands in the record. . .
>
> "The [have you heard] evidence was admissible to enable the jury to test the knowledge of the witnesses as to his reputation and the weight to be given to their testimony. It should have been so limited in the charge."

See also Brown v. State, Tex.Cr.App., 477 S.W.2d 617.

In view of our holding in Wiley v. State, supra, the court erred in failing to respond to appellant's objection.

For the reason stated, appellant's motion for rehearing is granted. The judgment of affirmance is set aside, the case is reversed, and the cause remanded.

---

1. Willie Mae Williams testified, in part:

"Q. Have you heard that in June of 1962, he was arrested along with James Gibson for a misdemeanor theft case?

"A. I don't remember what day it was but I do remember something about James Gibson; but he proved hisself out of it.

\* \* \* \* \*

"Q. Have you heard that in March of 1964, he was arrested along with Joe Louis Brenson for breaking and entering a motor vehicle?

"A. I know all about that, because I was there. He didn't go into the vehicle, that is why they did turn him loose. Because the boy went into it and got probation for going into it. And the lady that owns the vehicle, she even stated that this boy didn't go in her vehicle.

\* \* \* \* \*

"Q. Have you heard that back in September, 1965, he was arrested along with Jimmy Sanders for felony theft?

"A. Yes sir. I remember that. And Jimmy Sanders is out, he didn't go up to the pen, either.

"Q. Have you heard that in August, August the 10th of 1966, he was arrested at 205 Fennell, for burglary and felony theft?

\* \* \* \* \*

"A. Yes, sir. I believe I remember that because the girl come up here and told them not to file no charges against him because he wasn't the one that went in her house."