**Eddie BUSH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63790.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 1, 1982.

Rehearing Denied Jan. 5, 1983.

David B. Ziegler, court appointed on appeal only, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Carl D. Haggard and Rick Trevathan, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

Appellant was indicted for aggravated rape with two prior felony convictions for theft and burglary alleged for enhancement of punishment. V.T.C.A., Penal Code, § 12.42(d). A jury found the appellant guilty of the lesser included offense of rape. The enhancement paragraphs were found to be true by the court and appellant's punishment was assessed at life imprisonment.

Appellant contends the trial court fundamentally erred in failing to instruct the jury at the guilt stage of the trial as to when sexual intercourse is without the female's consent. There was, of course, no objection to the charge as required by Article 36.14, V.A.C.C.P., or a special requested charge. See Article 36.15, V.A.C.C.P. The court did charge the jury:

"Intercourse is without the female's consent if (1) a person compels the female to submit or participate by force that overcomes such earnest resistance as might reasonably be expected under the circumstances or (2) he compels her to submit or participate by any threat, communicated by actions, words or deeds, that would prevent resistance by a woman of ordinary resolution, under the same or similar circumstances, because of a reasonable fear of harm."

Such charge generally tracks the statute, V.T.C.A., Penal Code, § 21.02(b)(1) and (2). There was no error, certainly not fundamental error. Appellant's contention is without merit.

Appellant also contends the trial court erred at the guilt stage of the trial in failing to charge sua sponte and limit the jury's consideration of his prior convictions to the issue of the credibility of his testimony.

On direct examination appellant testified in response to his counsel's questions that he had been to the penitentiary for theft and burglary, there had been two different occasions, and that he had plead guilty in the theft case and was guilty of both offenses. He then added, however, he was not guilty of the primary offense. On cross-examination the prosecutor elicited from him details of the convictions.

There was no objection to the charge as required by Article 36.14, V.A.C.C.P., nor any special requested charge as required by Article 36.15, V.A.C.C.P. Appellant candidly admits that in absence of a timely objection the court need not give a limiting jury instruction as to prior convictions offered for impeachment purposes. *Salcido v. State,* 170 Tex.Cr.R. 572, 342 S.W.2d 760 (1961); *Sapp v. State,* 476 S.W.2d 321 (Tex. Cr.App.1972); *McCarter v. State,* 478 S.W.2d 524 (Tex.Cr.App.1972). Appellant seeks to distinguish these cases claiming the defendants in such cases were not harmed whereas he claims he was.

In *Sapp v. State,* supra, this court held:

"The State relies upon *Hogan v. State,* 147 Tex.Cr.R. 75, 178 S.W.2d 525 (1944),

where it was held not error to fail to give a limiting instruction where the evidence as to the prior convictions was not offered by the State as an impeachment of the defendant but was first offered by the defendant.

"Further, where it is apparent that the evidence offered can be used only for the purpose of impeachment, it has been held not necessary to limit its purpose in the charge. *Wiley v. State,* 153 Tex.Cr.R. 370, 220 S.W.2d 172 (1949).

"While it would have been better practice for the court to have limited all impeaching testimony to the purpose for which it was admitted, whether requested or not, we cannot conclude that under the particular circumstances of the instant case reversible error is revealed. See Article 36.19, V.A.C.C.P."

In the instant case the appellant first offered testimony relating to the prior convictions apparently to show the jury that when he was guilty he plead guilty but when, as in the instant case, he was not guilty he plead not guilty. The prosecutor, in order to impeach the appellant as a witness in his own behalf and to establish the allegations as to the prior convictions while the appellant was on the stand, elicited details of the prior convictions. The evidence was first offered by the appellant and obviously for a purpose other than impeachment. The failure of the court to give a limiting jury instruction on its own motion would not appear to be error, much less fundamental error.

It is observed that during jury argument the prosecutor told the jurors the testimony of the prior convictions was to be considered as to "whether or not he is telling the truth." Under the circumstances, we find no merit to appellant's contention.

Further, appellant contends the "evidence is insufficient to support the Court's findings that the second prior conviction alleged for purposes of enhancement was committed after the first prior conviction became final."

█ Appellant's own testimony at the guilt stage of the trial reflects that he committed the burglary offense (the basis for the alleged second conviction) after the first prior conviction for theft had become final. There is no merit to appellant's stated ground of error. In the argument advanced under this ground of error appellant, however, urges another contention which is his real contention. He argues he was never "convicted of second prior felony conviction alleged in the indictment." What he means is that the evidence shows he admitted he committed the prior burglary offense but not that he was convicted therefor so as to justify punishment under V.T.C.A., Penal Code, § 12.42(d).[1]

█ The only evidence relating to the prior convictions came from appellant's testimony at the guilt stage of the trial. Keeping in mind that the indictment alleged prior convictions for theft and burglary with intent to commit theft the record shows appellant testified on direct examination:

"Q  Mr. Bush, you have been to the penitentiary before, is that correct?

"A  Yes, sir, I have.

"Q  What was that for?

"A  Theft and burglary.

"Q  And you have been on two different occasions?

"A  Yes, sir, I have.

"Q  When you went to the penitentiary on the theft, did you plead guilty?

"A  Yes, sir, I did because I was guilty.

"Q  When you went on the second, the second time you went to the penitentiary, did you plead guilty?

1.  V.T.C.A., Penal Code, § 12.42(d), provides:
    "If it be shown on the trial of any felony offense that the defendant has previously been convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life."

"MR. TREVATHAN (Prosecutor): Object to going beyond the conviction in this case.

"THE COURT: Well, objection sustained.

"Q  Were you guilty of the second offense?

"A  Yes, sir, I was.

"Q  Are you guilty of this offense?

"A  No, sir, I'm not."

On cross-examination the prosecutor elicited·the following:

"Q  Mr. Bush, isn't it a fact that on March 9th, 1971 in Cause No. 156654 in Harris County, Texas, you were finally convicted of the felony offense of theft in the 176th District Court?

"A  Yes, sir, I was.

"Q  And after conviction was final and before this offense of August the 8th, 1977, isn't it a fact *you committed the felony offense of burglary with intent to commit theft* in Cause No. 198608 on November the 12th, 1973, in Harris County, Texas in the 184th District Court, the felony offense of burglary with intent to commit theft? Isn't that true?

"A  Yes, sir." (Emphasis supplied.)

At the penalty stage of the trial the appellant entered a plea of "not true" to the enhancement allegations of the indictment. Immediately thereafter without giving either party an opportunity to offer evidence the record shows the court stated:

"Based upon the evidence I heard during the trial of the case in which you admitted—

"MR. HARDIN (Assistant District Attorney): If I might, the State at this time would re-offer all the evidence in the case in chief."

The court then recited that the appellant had admitted in his earlier testimony the prior convictions, giving cause numbers and courts, etc., and stated the punishment would be assessed automatically at life imprisonment.

Appellant's counsel objected as follows:

"Object, Your Honor, by virtue of the fact that the jury disbelieved certain portions of the testimony of Mr. Bush and by virtue of the fact that it has not been proved he is one and the same person convicted twice previously . . . On those grounds we object to the court's rulings . . . ."

In his testimony on cross-examination appellant admitted his first prior felony conviction for theft and that after that conviction became final and before the primary offense he committed the offense of burglary with intent to commit theft. His testimony can also be read that he was charged with the latter offense in Cause No. 198608 in the 184th District Court. On direct examination he testified he had been to the penitentiary on two different occasions, first for theft and then for burglary and that he was guilty of this second offense. Despite the failure of the prosecutor to establish on cross-examination that appellant had been convicted of burglary as alleged, we conclude that reading the testimony as a whole the evidence was sufficient to sustain the allegations as to the prior convictions.[2]

Despite the trial court's apparent zeal for saving time, its action in cutting off the State from offering proof at the penalty stage of the trial is not to be commended and was ill-advised as demonstrated by the problems presented on appeal.

Finding no reversible error, the judgment is affirmed.

CLINTON, J., dissents to adverse disposition of appellant's contention regarding evidentiary support of enhancement allegations.

---

2.  Although not mentioned in the briefs or complained of on appeal, there appears a variation between the cause number of the prior theft conviction alleged for enhancement of punishment and the proof. The indictment alleged such cause number as 156645 in the 176th District Court. In framing his question, if the court's reporter's transcription is correct, the prosecutor asked appellant if he had been convicted in *Cause No. 156654.* The prosecutor apparently transposed the last two digits of the number. This is not a fatal variance. See and cf. *Cole v. State,* 611 S.W.2d 79 (Tex.Cr.App. 1981).