Roy Lee CROW, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–01266–CR.

Court of Appeals of Texas, Dallas.

Feb. 10, 1983.

Rehearing Denied March 22, 1983.

Bruce Anton, Dallas, for appellant.

Henry Wade, Dist. Atty., Ruth Lown, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, STOREY and VANCE, JJ.

VANCE, Justice.

Appeal is from a jury conviction for burglary of a building. Punishment was assessed by the court at imprisonment for ten years. Appellant contends that the trial judge erred in refusing to give a limiting instruction to the jury with respect to prior convictions introduced into evidence by appellant. We affirm. No error exists because the appellant himself presented such evidence; thus no instruction was required to be given.

The appellant took the stand during the guilt/innocence phase of the trial and on *direct examination* admitted having been previously convicted of several offenses by the following testimony:

Q: Now, for the record, Mr. Crow, you have been convicted of other offenses, is that right?

A: Yes.

Q: Okay,—let me qualify that. Other felonies and misdemeanors involving moral turpitude?

A: Yes.

Q: All right, and those include a—you have been convicted previously of burglary of a building, in 1974, is that right?

A: Yes.

Q: All right. And you have also been convicted of forgery and that was punished as a misdemeanor, is that right?

A: Yes.

Q: Okay, you have also been on probation in Collin County?

A: Yes.

Q: And that probation was revoked, is that right?

A: No.

Q: What was that probation for?

A: The probation was for a burglary that I didn't commit.

Q: Okay, so you have been convicted of other burglaries in the past, is that right?

A: Only the one in 1974.

Appellant, in writing and orally in open court, requested that the jury be charged as follows:

"You are instructed that certain evidence was admitted before you in regard to the defendant having been convicted of offenses other than those for which he is now on trial, or other than the one for which he is now on trial, and such evidence cannot be considered by you against the defendant as any evidence that the defendant on the occasion on which he was arrested was acting in conformity with his character, as established by such prior examples of misconduct." The court denied the requested charge.

Appellant now argues that when an accused testifies, it is "axiomatic" that when he is cross-examined he will be impeached with his prior convictions. He urges that it is the defense attorney's duty to mitigate the effect of the inevitable impeachment, and the best way to do this is to bring up the facts on direct examination, hopefully establishing the candor of the accused.

 This court will not second guess the trial tactics of counsel. Nothing indicates that the testimony was offered for impeachment. Even so, an accused cannot impeach himself as a witness. *Moss v. State,* 364 S.W.2d 389, 390 (Tex.Cr.App. 1963). No indication exists that the testimony was offered for or limited to any particular purpose. The accused himself having proffered this testimony, under these circumstances the trial court did not err in refusing the requested charge. *See Hogan v. State,* 147 Tex.Cr.R. 75, 178 S.W.2d 525 (Tex.Cr.App.1944); *See Bush v. State,* 642 S.W.2d 787 (Tex.Cr.App., 1982).